IRA ZAPIN, an Infant, by CEIL ZAPIN, His Guardian ad Litem, et al., Appellants, v. IDA ISRAEL, Respondent.— In an action to recover damages sustained by the infant plaintiff, and by his father for medical expenses and loss of services, the complaint was dismissed at the close of plaintiffs' case. It appeared that the parents of the infant plaintiff were tenants in defendant's multiple dwelling. While playing alone in the back yard appurtenant to the premises, the infant plaintiff found an umbrella rib or spoke, pushed it into the ground in the yard, whereupon it snapped in half and went into his right eye. Judgment unanimously affirmed, without costs. There is no proof of violation of subdivision 1 of section 80 of the Multiple Dwelling Law because there was no proof of notice, actual or constructive, to defendant of the presence of the umbrella rib or spoke before the accident. The spoke was not a structure maintained by defendant in connection with its premises, nor was there proof that defendant placed the spoke in the yard, nor that it had notice thereof, nor that the umbrella spoke or rib was an inherently or potentially dangerous instrumentality. (*Di Biase* v. *Ewart & Lake*, 228 App. Div. 407, affd. 255 N. Y. 620; *Clark* v. *City of Buffalo*, 288 N. Y. 62.) Present — MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ.

### (March 21, 1955.)

CASS CARR, Appellant, v. JOHN E. HOY, Individually and as Sheriff of Westchester County, Respondent.— Action to recover a sum of money consisting of fees collected by appellant for conducting a certain photographic outing, delivered to respondent upon his request at the time the group was arrested. Appellant pleaded guilty to a charge of violation of section 43 of the Penal Law and was fined. His demand for the return of the aforesaid money being refused, he brought this action. Order of the County Court, Westchester County, affirming a judgment of the City Court of Yonkers dismissing the complaint, unanimously affirmed, with costs. It was found as a fact by the trial court that the money sought to be recovered was received by appellant for permission to participate in an act which outraged public decency, and appellant does not contend on this appeal that the finding was contrary to the evidence. Under such circumstances, he acquired no legal title to the money in dispute and may not recover same from respondent, notwithstanding that there is no specific statutory provision for the disposition of such seized funds. (Cf. *Riggs* v. *Palmer*, 115 N. Y. 506, 511; *Bradley* v. *Roe*, 282 N. Y. 525, 531, and *Hofferman* v. *Simmons*, 290 N. Y. 449.) Present — Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ. [See *post*, p. 1082.]

JACK CHARNEY, Respondent, v. ATLAS MATERIAL Co., INC., et al., Appellants. JEAN MASTRO et al., Respondents, v. ATLAS MATERIAL Co., INC., et al., Appellants.— Order denying a motion to consolidate an action for personal injuries and for loss of services and medical expenses pending in Kings County with an action for personal injuries, arising out of the same accident, pending in Nassau County, affirmed, with one bill of $10 costs and disbursements to respondents Mastro. No opinion. MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.