■ Danuta Modzelewska, Appellant, v City of New York et al., Respondents, et al., Defendant. [819 NYS2d 498]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered May 18, 2005, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

The motion court erred in granting summary judgment to defendants. Contrary to the court's assessment, defendants failed to establish as a matter of law that they had no notice of the claimed dangerous condition on the subway station stairs.

In support of their contention of a lack of notice, defendants initially relied on plaintiff's General Municipal Law § 50-h testimony that she had not seen the substance she tripped on prior to falling, and did not know where the substance came from. However, plaintiff also submitted the affidavit of Jadwiga Miechowska, who stated that she had observed the staircase in question covered by a slippery substance, as well as rubbish and garbage, on the day of the accident, and had even observed people helping a woman who fell on the same stairs earlier that day. Miechowska also indicated that she used the staircase almost daily and that this "seemed to be a perpetual condition." These observations preclude summary judgment on the grounds of notice, because "[c]onstructive notice may be demonstrated by evidence of a recurring dangerous condition in the area of the accident that was routinely left unaddressed by the defendant" (see Mullin v 100 Church LLC, 12 AD3d 263, 264 [2004]).

The materials defendants submitted in reply do nothing to negate the existence of questions of fact on the notice issue. The cleaning schedule for the Union Square complex contains no information as to how to interpret the codes in the cleaning schedule, nor any confirmation that the cleaning procedures were actually followed on the day in question on the stairs in question. As to the list of accidents for the day in question, it does not disprove the assertion that a woman slipped at the same site earlier on the same day—possibly without making a report of the incident—or foreclose the possibility of other accidents repeatedly occurring in the same location and in the same manner on other dates from the accumulation of the same type of substances and trash. Concur—Saxe, J.P., Marlow, Nardelli, Catterson and McGuire, JJ.