■ ROBERTO VILOMAR, Appellant, v 490 EAST 181ST STREET HOUSING DEVELOPMENT FUND CORP CORPORATION et al., Respondents. [858 NYS2d 10]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered December 18, 2006, which, in an action for personal injuries sustained when plaintiff slipped on a banana peel on an interior stairwell in his apartment building, granted the motion of defendants property owner and management company for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants made a prima facie showing that they did not have constructive notice of the banana peel on which plaintiff allegedly slipped (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]) by submitting plaintiff's deposition testimony that he did not see any banana peels on the stairs the day before the accident, and the deposition testimony of the building's superintendent that he cleaned the stairs twice a day, on arriving for work between 6:00 and 6:45 A.M. and after 4:00 P.M. before leaving work, that there was no garbage on the stairs when he left the building the evening before the accident, and that the accident happened shortly before he arrived for work (*see Strowman v Great Atl. & Pac. Tea Co.*, 252 AD2d 384, 384-385 [1998]). In opposition, plaintiff offered the affidavit of his live-in companion that the building had not been cleaned for at least four days before the accident, that she had seen the banana peel on which plaintiff said he slipped on the stairs for at least two days before the accident, that there was a lot of other garbage on the stairs for several consecutive days before the accident, and that she complained to both the superintendent and the management office about the garbage that was always on the stairs and in the hallways and lobby but that nothing was ever done. This affidavit was properly rejected by the motion court as feigned evidence tailored to avoid the consequences of plaintiff's deposition testimony that he did not observe any banana peels on the stairs the day before the accident and never made any complaints to defendants specifically about garbage on the stairs (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318 [2000]; *Schiavone v Brinewood Rod & Gun Club*, 283 AD2d 234, 235-236 [2001]). Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.