■ SUMINTRA RAGHU, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [897 NYS2d 436]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered August 25, 2009, which, in an action for personal injuries, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

On July 10, 2007, at about 8:30 A.M., plaintiff, a home health

care worker, slipped and fell on a stairway in a building owned and operated by defendant, and sustained several fractures. At her General Municipal Law § 50-h hearing, plaintiff testified that she fell while ascending the stairs between the second and third floors. Before she fell, she noticed that there was some "[w]hite, powdery stuff" on the steps, "all over the place." She had put her right foot on the step, then fell forward onto her knees.

Lorenzo Brown, the building janitor, testified that on the day in question he had swept the entire staircase of the building and the building next door, each of which has five stories, between 8:00 A.M. and 8:30 A.M. When asked if he had a specific memory of doing these things on the day in question, he stated that he did, because he does the same routine every day. When asked what made him remember that particular day, he responded that it was because he did not change his routine, and had found an efficient way of getting the job done. He further testified that he did not remember ever seeing powder on the steps.

On or about November 18, 2008, plaintiff served an expert witness response stating that she intended to call Dr. William Marletta, a certified safety professional. The gist of the opinion he would offer was that the maintenance of the building departed from safe practice in that the accumulation of powder made the staircase more slippery. He noted further that the stair treads were not maintained in a clean and safe condition, that the stair risers varied in height from $7^{1}/_{2}$ to 8 inches high, rather than being uniform, and that the handrail was blocked and obstructed, with hand clearance of only one eighth of an inch at step five, while regulations required clearance of one inch.

On or about April 24, 2009, defendant moved for summary judgment on the ground that plaintiff could not make out a prima facie case of negligence because there was no evidence that defendant either created or had actual or constructive notice of the alleged defects which plaintiff claims to have caused her injuries. The motion court found that there was an issue as to constructive notice, arising from the janitor's credibility. The court found that Brown's recollection was equivocal, since he stated both that he had a specific memory of cleaning the stairs that day, and that he was basing his recollection on his routine.

We conclude that defendant, in moving for summary judgment, met its initial burden of demonstrating that it neither created the hazardous condition, nor had actual or constructive notice of its existence (*see Smith v Costco Wholesale Corp.*, 50

AD3d 499, 500 [2008]). The janitor's testimony that his regular routine included cleaning the stairwell between 8:00 A.M. and 8:30 A.M., and that he did not observe any powder, was sufficient to shift the burden to plaintiff of demonstrating the existence of questions of fact (*see Vilomar v 490 E. 181st St. Hous. Dev. Fund Corp Corp.*, 50 AD3d 469, 470 [2008]).

Plaintiff's deposition testimony, offered in opposition, did not even attribute her fall to the powder. She simply stated that she slipped, and observed that there was white powder at various locations in the stairwell. She did not testify that she actually slipped on the powder, and, in the absence of such definitive testimony, the expert's conclusion that the accumulation of powder led to her fall is purely speculative. Evidence of the existence of the powdery substance, "simply does not, in isolation, suffice to support a reasonable inference that the injury was sustained wholly or in part by a cause for which the defendant was responsible" (*Zanki v Cahill*, 2 AD3d 197, 199 [2003], *affd* 2 NY3d 783 [2004] [internal quotation marks and citations omitted]).

Plaintiff's contentions that the purported defects in either the risers or the handrails were the proximate cause of the accident are also unavailing. As noted, plaintiff simply stated that she slipped. She did not attribute her fall to the unevenness of the risers, and there is thus no evidence which would allow the expert to connect plaintiff's fall to any purported defects in the risers (*see Kane v Estia Greek Rest.*, 4 AD3d 189, 190 [2004]). Finally, the claim of inadequacy of the handrail cannot avail plaintiff, inasmuch as her testimony was that she was not using the handrail at the time of the accident (*see Ridolfi v Williams*, 49 AD3d 295 [2008]). Concur—Tom, J.P., Andrias, Friedman, Nardelli and Catterson, JJ.