■ BARBARA ROSS et al., Respondents, v BETTY G. READER REVOCABLE TRUST, Respondent-Appellant, and EMIGRANT BUSINESS CREDIT CORPORATION, Appellant-Respondent, et al., Defendants.
[927 NYS2d 49]—

Plaintiff Barbara Ross injured her wrist at approximately 5:30 P.M. when she slipped and fell in a greasy, black substance on the sidewalk in front of a branch of Emigrant Business Credit Corporation (Emigrant). Emigrant leased the premises from Betty G. Reader Revocable Trust (Reader), the owner of the property. Plaintiff brought this premises liability action against, inter alia, Emigrant and Reader, alleging that defendants failed to maintain the sidewalk in a reasonably safe condition.*

At her deposition, plaintiff testified that upon seeing that the bank was closed, she turned towards the curb, took several steps, slipped and fell to the ground. She testified that the sidewalk was "filthy, and slippery, and greasy, and black."

An Emigrant customer service representative, who was employed at that branch on the date of plaintiff's accident, was also deposed. She testified that she had seen garbage and

---

* The remaining defendants, including Pizzeria Uno, the tenant adjacent to Emigrant, were granted summary judgment dismissing the complaint against them by the same decision and order from which the instant appeal is taken. Plaintiff cross-appealed, but Pizzeria Uno subsequently settled with the plaintiff and she withdrew her cross appeal.

"mush" in the street in front of the bank at around 8:00 A.M. that morning, and almost slipped and fell herself in the "slimy" food debris as she stepped onto the curb. She testified that she had seen the same sort of loose food and garbage on previous occasions on the adjacent sidewalk. She testified that she told another employee about it and also complained to her immediate supervisor.

The Emigrant representative further testified that when she left work that day, approximately an hour and a half before plaintiff's fall, she saw similar food debris in the street. She testified that she did not know whether Emigrant had any duty to maintain the sidewalk, and had never seen an Emigrant employee maintaining, inspecting or cleaning the sidewalk.

A representative of Reader's managing agent testified at deposition that the written lease between Reader and Emigrant states that the tenant is responsible for removal of garbage and for sidewalk maintenance. The lease requires Emigrant to "keep clean and free from dirt [and] . . . rubbish, . . . and maintain . . . the [adjacent] sidewalks."

Emigrant moved for summary judgment dismissing the complaint and all cross claims against it on the grounds that it did not create or have actual or constructive notice of the dangerous condition that caused plaintiff's injury. Reader moved for summary judgment on the same grounds, and also that it was an out-of-possession owner. By decision and order dated December 21, 2009, the motion court denied both motions, finding that defendants failed to make the requisite prima facie showing.

For the reasons set forth below, we find that the motion court properly denied summary judgment to Emigrant, but erred in denying summary judgment to Reader. An out-of-possession landlord is generally not liable for the condition of the demised premises unless the landlord has a contractual obligation to maintain the premises, or right to reenter in order to inspect or repair, and the defective condition is "a significant structural or design defect that is contrary to a specific statutory safety provision" (*see Babich v R.G.T. Rest. Corp.*, 75 AD3d 439, 440 [2010]). The lease between Reader and Emigrant imposes no contractual duty on Reader to clean the sidewalk, and, although Reader retained the right to reenter, grease on a sidewalk is not a significant structural or design defect. Accordingly, Reader is an out-of-possession landlord entitled to summary judgment as a matter of law.

Emigrant, however, failed to show that there are no triable issues of fact with regard to whether it had constructive notice of

the dangerous condition. A defendant moving for summary judgment in a slip-and-fall action has the initial burden of showing that it neither created, nor had actual or constructive notice of the dangerous condition that caused plaintiff's injury (*Smith v Costco Wholesale Corp.*, 50 AD3d 499, 500 [2008]). In this case, plaintiff does not allege that either Reader or Emigrant created the alleged dangerous condition, and record evidence establishes that neither defendant had actual notice.

Constructive notice is generally found when the dangerous condition is visible and apparent, and exists for a sufficient period to afford a defendant an opportunity to discover and remedy the condition (*cf. Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). A defendant demonstrates lack of constructive notice by producing evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area was last inspected or cleaned before plaintiff fell (*see Raghu v New York City Hous. Auth.*, 72 AD3d 480 [2010]; *Vilomar v 490 E. 181st St. Hous. Dev. Fund Corp Corp.*, 50 AD3d 469 [2008]).

Emigrant's failure to produce such evidence mandates that we deny summary judgment (*see e.g. Aviles v 2333 1st Corp.*, 66 AD3d 432 [2009], citing *Moser v BP/CG Ctr. I, LLC*, 56 AD3d 323 [2008]). Emigrant concedes that the customer service representative who testified on its behalf was "not familiar with the Bank's sidewalk maintenance and did not offer any testimony concerning maintenance of the sidewalk prior to and contemporaneous with the incident." Moreover, rather than supporting Emigrant, her testimony also raises a triable issue of fact as to whether Emigrant had constructive notice that the purported greasy, black substance on the sidewalk that caused plaintiff's injury was a dangerous unremedied condition (*see e.g. Bido v 876-882 Realty, LLC*, 41 AD3d 311 [2007]; *Modzelewska v City of New York*, 31 AD3d 314 [2006]; *Irizarry v 15 Mosholu Four, LLC*, 24 AD3d 373 [2005]).

We have considered Emigrant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Catterson, Renwick and Abdus-Salaam, JJ.