■ MARISOL SANTIAGO, Respondent, v NEW YORK CITY HOUS-ING AUTHORITY, Appellant. [992 NYS2d 426]——

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered October 3, 2013, which, to the extent appealed from as limited by the briefs, denied defendant New York City Housing Authority's (NYCHA) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a tenant in a building owned by NYCHA, allegedly sustained injuries when she slipped and fell on the fourth floor landing of a stairwell in the 14-story building. NYCHA established prima facie entitlement to summary judgment through the testimony of the building's caretaker who stated that he inspected the stairwell, including the fourth floor landing, within two hours prior to plaintiff's accident and did not see any urine on the floor (*see Vilomar v 490 E. 181st St. Hous. Dev. Fund Corp Corp.*, 50 AD3d 469 [1st Dept 2008]).

In opposition, plaintiff raised a triable issue of fact by submitting an affidavit from her neighbor stating that she observed urine on the fourth floor landing the day before plaintiff's accident and again the following morning before the accident occurred. The motion court properly considered the affidavit and plaintiff's supplemental bill of particulars. Although both were served after plaintiff filed the note of issue, the court subsequently vacated the note of issue at NYCHA's request. We reject NYCHA's contention that it is entitled to the benefit of vacating

the note of issue to conduct further discovery while precluding plaintiff from engaging in further discovery. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.