■ Wieslaw Kowalczyk, Respondent, v Time Warner Entertainment Company, L.P., et al., Appellants, et al., Defendant. [995 NYS2d 573]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 21, 2013, which denied the Time Warner defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The Time Warner defendants failed to demonstrate their lack of constructive notice. Pursuant to 34 RCNY 2-07, Time Warner is required to monitor, maintain and repair any defects to the cable box it owns and over which plaintiff fell. In order to estab-

lish lack of constructive notice, Time Warner was required to show that the condition was neither visible nor apparent or that it did not exist for a sufficient period of time for defendant to discover and correct it (*see Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419 [1st Dept 2011]). Defendant provides no evidence that it inspected the cable box at any time prior to the accident and found it to be in good condition (*Ross*, 86 AD3d at 421). Nor does the plaintiff's bare-boned deposition testimony that he never saw the cable box any time before the accident satisfy defendant's burden. Upon our review of the record, we note that in any event an issue of fact was raised by the testimony of a Time Warner employee that his supervisor knew of an accident that may have damaged the cable box cover and that may well have occurred before plaintiff's accident. The Time Warner defendants' contention that the defect was latent and not discoverable upon reasonable inspection is improperly raised for the first time on appeal and is, in any event, factually inaccurate (*see Titova v D'Nodal*, 117 AD3d 431 [1st Dept 2014]). Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.