▮ Lloyd Gibbs, Respondent, v Albee Tomato Co., Inc., et al., Appellants. [995 NYS2d 558]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered July 1, 2013, which, inter alia, denied the motions of defendants Albee Tomato Co., Inc. (Albee) and Hunts Point Terminal Produce Cooperative Association, Inc. (Hunts Point) for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants did not establish their entitlement to judgment as a matter of law in this action where plaintiff was allegedly injured when he slipped on ice and water that had leaked from a delivery of produce, and fell off the rear of a loading dock; Hunts Point managed the market and leased it from the City of New York and Albee subleased its unit from Hunts Point. Defendants failed to show that they neither created nor had actual or constructive notice of the wet and slippery condition of the subject loading platform. No evidence was presented by either movant concerning their cleaning schedule or when the area was last inspected prior to the accident (*see Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 420-421 [1st Dept 2011]; *compare Raghu v New York City Hous. Auth.*, 72 AD3d 480, 482 [1st Dept 2010]). It is also unclear from the record as to which

defendant was responsible for maintaining the location of the fall. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ.