■ DYLAN P., an Infant, by His Mother and Natural Guardian, RAISA L., et al., Appellants, v WEBSTER PLACE ASSOCIATES, L.P., Respondent. [18 NYS3d 42]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered April 4, 2014, which granted defendant Webster Place

Associates, L.P.'s motion for summary judgment dismissing plaintiffs' complaint, reversed, on the law, without costs, and the motion denied.

Defendant building owner moved for summary judgment solely on the basis that it had neither actual nor constructive notice of the alleged dangerous condition, a missing drain cover in the building's laundry room. Defendant failed to meet its initial burden of demonstrating that it did not have constructive notice (*see Williams v New York City Hous. Auth.*, 99 AD3d 613 [1st Dept 2012]). Although the building superintendent testified that he routinely swept the laundry room every morning at 8:00 a.m. and performed daily inspections of the building, including the laundry room, at 11:00 a.m. and 8:00 p.m. each day, mere proof of a set janitorial schedule does not prove that it was followed on the day of the accident, or eliminate the issue of constructive notice in this case (*see Gautier v 941 Intervale Realty LLC*, 108 AD3d 481 [1st Dept 2013]; *Aviles v 2333 1st Corp.*, 66 AD3d 432 [1st Dept 2009]). The superintendent could not recall whether he had checked the laundry room on the day of the accident or offer any other evidence regarding the last time he inspected the laundry room prior to the accident (*see Raghu v New York City Hous. Auth.*, 72 AD3d 480 [1st Dept 2010] [janitor had a specific memory of following the cleaning schedule on the day of the accident]). He explicitly stated that he did know whether the allegedly defective condition existed on that date.

Since defendant failed to demonstrate adherence to the building maintenance and inspection schedule on the date of the accident, summary judgment was improperly granted (*Gautier v 941 Intervale Realty LLC*, 108 AD3d at 481-482). Although the dissent has examined the substance of plaintiffs' opposition and found it lacking, in view of defendant's failure to tender sufficient evidence to eliminate any material issues of fact on the issue of constructive notice, we need not address the sufficiency of such opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Concur—Sweeny, Moskowitz and Gische, JJ.

Tom, J.P., and Andrias, J., dissent in a memorandum by Tom, J.P., as follows:

Defendant building owner in demonstrated its entitlement to summary judgment "on the ground that plaintiff could not make out a prima facie case of negligence because there was no evidence that defendant either created or had actual or constructive notice of the alleged defect[ ] which plaintiff claims to have caused her [son's] injuries," a missing drain cover in

the building's laundry room (*Raghu v New York City Hous. Auth.*, 72 AD3d 480, 481 [1st Dept 2010]). Plaintiff's opposition failed to raise an issue of fact bearing on the question of notice and was insufficient to defeat defendant's motion for summary judgment (*see Stankowski v Kim*, 286 AD2d 282, 283 [1st Dept 2001], *appeal dismissed* 97 NY2d 677 [2001]). Thus, defendant's summary judgment motion was properly granted.

The complaint alleges that on April 17, 2005 the infant plaintiff, Dylan P., sustained injury when the folding shopping cart in which he had been placed collapsed when a wheel caught in an open drain in the laundry room floor of defendant's apartment building. Dylan's mother, plaintiff Raisa L., testified that she used the cart to bring a month's worth of laundry to the basement and placed the infant in it so that she could unload the washing machine without worrying about him. As she pushed the cart backwards to close the washing machine door, the front wheel caught in the drain and the cart fell backwards, collapsing on itself. As a result, Dylan sustained a fracture of the right femur.

The mother testified that there was no cover on the drain at the time she was in the laundry room on the date of the accident, but her testimony was inconsistent as to whether the drain cover was in place during any of the occasions she was in the laundry room prior to the accident date. At the outset, she stated that she was "not sure" if there was a cover on the drain before the day of the accident while, at the end of her deposition, when asked by counsel if she had "seen the drain cover missing prior to the date of the accident," she modified her testimony and responded affirmatively. In any event, she did not recall making a complaint about the open drain prior to the accident; nor was she aware that anyone else had made a complaint about the missing drain cover prior to the accident.

The building's full-time, live-in superintendent, Henry Benitez, testified that his regular daily routine included sweeping the laundry room every morning at 8:00 a.m. and inspecting the building at 11:00 a.m. and 8:00 p.m. He stated that he was available to tenants at any time and could be contacted either directly or through the building's management company. To the best of his recollection, the only time the drain cover was missing was some time during 2006, which he duly reported to building management for repair. He was adamant that it was not missing in 2005, when Dylan was injured. He had observed that Dylan had a cast on his leg at some point later in 2005. At that time, he related, Dylan's mother told him only that the boy had sustained the injury in a fall, "playing or

something to that effect." He did not learn that she attributed the injury to an incident in the laundry room until 2006.

Raisa L.'s contradictory testimony concerning whether the drain cover was missing prior to the date of the accident was insufficient to demonstrate that defendant had notice of the alleged hazardous condition so as to give rise to an affirmative duty to undertake remedial measures. To the contrary, her statement that she never notified anyone of the missing drain cover and was not aware that anyone else had notified building personnel of the alleged missing cover, together with the superintendent's deposition testimony that he sweeps the laundry room every morning and the cover was not missing at any time prior to 2006, made out a prima facie case for judgment dismissing the complaint on the ground that defendant lacked notice of the asserted defect. Thus, it was plaintiffs' burden to present evidence in admissible form raising a material issue of fact to defeat the motion (CPLR 3212 [b]) or, alternatively, to provide an acceptable excuse for the failure to comply with the strict requirement to tender proof in admissible form (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The majority concludes that summary dismissal of the complaint is unwarranted because the superintendent did not state that he observed his usual custom of cleaning and inspecting the laundry room on the morning of the accident. Because it is undisputed that the superintendent was not present at the time of the accident and, in fact, did not learn of the infant's injury until well after it occurred, requiring him to account for his actions on that specific day surrounding an event of which he was unaware imposes an unreasonable evidentiary burden on the defense. The superintendent testified that his regular daily routine includes sweeping the laundry room every morning at 8:00 a.m. But in any event, the only factual issue that might be raised by his failure to follow his customary procedure on the date of the incident is confined to whether the drain cover was in place at the time of the accident. There is no evidence offered by plaintiff that the drain cover was missing before the incident.

The operative issue is whether there is admissible proof that defendant or its employees acquired timely knowledge of the existence of the alleged hazardous condition so as to afford them sufficient opportunity to remedy the defect *prior* to the accident (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). That Benitez might not have gone into the laundry room to sweep and inspect it merely supports defendant's position that there is no evidence its employees

acquired such knowledge. The role of the court on a summary judgment motion "is confined to determining whether an issue of fact exists as a matter of law" (*Phillips v Kantor & Co.*, 31 NY2d 307, 315 [1972]); commensurately, it is a precondition to the grant of summary judgment that the movant eliminate any material issue of fact requiring trial (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Since plaintiffs have come forward with no admissible evidence to ascribe knowledge of the asserted defect to defendant at any time before the accident occurred, they have not established notice, a necessary element of their case. Having failed to demonstrate that defendant had actual or constructive notice of the missing drain cover, there is no basis upon which a jury could find that defendant breached any duty of care (*id.*), and no issue of fact is presented precluding summary dismissal.

In sum, the record is devoid of any basis upon which to attribute either actual or constructive knowledge of the asserted defective condition to defendant owner of the premises. Defendant's superintendent stated that he discovered that the drain cover was missing on one occasion in 2006—a minimum of some eight months after the April 2005 accident—and "[t]hat would have been the one and only time it happened." He further testified that "the drain cover wasn't missing in 2005." The testimony relied upon by plaintiffs only raises the factual issue of whether the drain cover was in place during the time plaintiffs were in the laundry room on the date of the accident. It does not demonstrate that the cover had been removed prior to that time and, most significantly, it does not establish that defendant or its employees were made aware that it was missing. Since plaintiffs are unable to rebut defendant's prima facie showing of entitlement to summary judgment, the complaint was properly dismissed.

Accordingly, the order should be affirmed.