■ ANA RAMONA LIRANZO, Respondent, v APARTMENT COMPANY, LLC, Appellant. [50 NYS3d 69]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered November 4, 2015, which, in an action for personal injuries sustained when plaintiff slipped and fell down the stairs of defendant's building, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established entitlement to judgment as a matter of law by showing that it did not have constructive notice of the debris and beer on the stairs on which plaintiff allegedly slipped. Defendant submitted, inter alia, the testimony of its superintendent, who described his daily cleaning schedule, which included a morning cleaning of the stairs and an evening inspection, and that he adhered to that schedule on the day of the accident (*see e.g. Rodriguez v New York City Hous. Auth.*, 102 AD3d 407 [1st Dept 2013]).

In opposition, plaintiff raised a triable issue of fact through the deposition testimony of her daughter, who testified that the hazardous condition existed the night before the accident, and during the day of the accident, after the superintendent testified that he had cleaned. Contrary to defendant's assertions, this testimony was not "feigned evidence tailored to avoid the consequences of plaintiff's deposition testimony" (*Vilomar v 490 E. 181st St. Hous. Dev. Fund Corp Corp.*, 50 AD3d 469, 470 [1st Dept 2008]), since the daughter's testimony did not contradict plaintiff's deposition testimony. In fact, plaintiff stated that on the day of the accident, she did not leave her apartment until the time of her fall.

Because there is an issue of fact as to notice of the condition, there remains an issue of fact as to whether there is a violation of Multiple Dwelling Law § 80 (*compare Zapin v Israel*, 285 App Div 968, 968 [2d Dept 1955]). Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.