Blanco v 866 Morris Park Realty Mgt., LLC (2018 NY Slip Op 08542)





Blanco v 866 Morris Park Realty Mgt., LLC


2018 NY Slip Op 08542


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


7858 300900/16

[*1]Nuris Blanco, Plaintiff-Respondent,
v
866 Morris Park Realty Management, LLC, Defendant-Appellant.


Molod Spitz & DeSantis, P.C., New York (Marcy Sonneborn of counsel), for appellant.
Peña & Kahn, PLLC, Bronx (Diane Welch Bando of counsel), for respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about February 21, 2018, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to establish entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she slipped and fell while descending a staircase in defendant's building, which was wet with ice and melting ice that plaintiff believed had been tracked in from outside. Defendant failed to demonstrate its lack of constructive notice of the wet condition of the steps, since it offered only the testimony of its building manager, who could not say when the stairs were last cleaned or inspected, or whether the handyman had cleared snow outside the building at any time before the accident (see e.g. Gautier v 941 Intervale Realty LLC, 108 AD3d 481 [1st Dept 2013]; Aviles v 2333 1st Corp., 66 AD3d 432 [1st Dept 2009]). Defendant also offered no evidence of when the weekly cleaning of the stairs occurred before the accident (see Modzelewska v City of New York, 31 AD3d 314 [1st Dept 2006]).
In view of defendant's failure to meet its prima facie burden, plaintiff's opposition papers need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK