Landau v Balbona Rest. Corp. (2019 NY Slip Op 00051)





Landau v Balbona Rest. Corp.


2019 NY Slip Op 00051


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Sweeny, J.P., Gische, Kahn, Oing, Singh, JJ.


8017 154347/12

[*1]Lorraine Landau, Plaintiff-Respondent,
v
Balbona Restaurant Corp. doing business as Sam's Place, et al., Defendants-Appellants.


Lewis Brisbois Bisgaard & Smith, LLP, New York (James M. Strauss of counsel), for appellants.
Sullivan Papain Block McGrath & Cannavo, P.C., New York (Stephen C. Glasser of counsel), for respondent.



Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered April 26, 2018, upon a jury verdict, awarding plaintiff $529,964 plus costs, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial.
Plaintiff fell and injured her ankle while descending a staircase at defendants' restaurant. Plaintiff testified that she fell because she did not see the final step, which was of a different color, size, and material from the other steps in the staircase. Contrary to defendants' contention that a prior summary judgment order limited plaintiff's claim to optical illusion, the order only explicitly found that the Building Code was inapplicable to the staircase.
However, defendants' argument that there was insufficient evidence adduced at trial to charge the jury on theories that either riser heights or the handrail were a proximate cause of plaintiff's fall, has merit (see Raghu v New York City Hous. Auth., 72 AD3d 480, 482 [1st Dept 2010]; Ridolfi v Williams, 49 AD3d 295 [1st Dept 2008]). Although plaintiff testified that it was her usual habit to hold a handrail while descending stairs, her testimony was equivocal on whether she held the handrail that day. Further, she testified that she did not attempt to reach for a handrail at the time of her fall, because the accident happened too fast. Nor did she provide any testimony connecting the handrail to her optical illusion theory. Thus, plaintiff's expert should not have been allowed to testify that the handrail was a contributing cause of plaintiff's fall, and the jury should not have been charged on the question whether the handrail was too short. Moreover, while the final step's size may have helped contribute to plaintiff's claim of optical illusion, the riser heights in the staircase should not have been charged as an independent theory of liability.
The trial court's response to a jury note asking whether the building was "up to code" was incorrect in light of the prior summary judgment order. Rather than responding that there was no evidence that the code was either violated or complied with,
the jury should have been informed that the building code was not applicable to the staircase.
In view of the forgoing, coupled with the fact that the jury was instructed to return a general verdict only, a retrial is warranted (see Davis v Caldwell, 54 NY2d 176, 178 [1981]; Hernandez v Columbus Ctr., LLC, 50 AD3d 597, 598 [1st Dept 2008]). While sufficient evidence was adduced to support plaintiff's theory of optical illusion (see Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89 [1st Dept 2011]), it cannot be said that the verdict was founded on that theory, as opposed to the incorrectly charged theories.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK