Omaar v Rodriguez (2019 NY Slip Op 01369)





Omaar v Rodriguez


2019 NY Slip Op 01369


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8527 306348/10

[*1]Said Omaar, Plaintiff-Respondent,
v
Efrain Rodriguez, et al., Defendants-Appellants.


Baxter Smith & Shapiro, P.C., White Plains (Sim R. Shapiro of counsel), for appellants.
Pecoraro & Schiesel, LLP, New York (Steven Pecoraro of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered November 9, 2019, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants building owners failed to establish entitlement to judgment as a matter of law in this action where plaintiff was injured when he fell down allegedly unlighted stairs leading to a basement in the subject building. Defendants failed to show that they did not create or have actual or constructive knowledge of the unlighted vestibule. Although defendant Efrain Rodriguez testified as to a general maintenance routine that he would engage in at the building, he did not specifically remember whether he inspected the area on the day before the accident (see Vargas v Cadwalader Wickersham & Taft, LLP, 147 AD3d 551, 552 [1st Dept 2017]; Dylan P. v Webster Place Assoc., L.P., 132 AD3d 537, 538 [1st Dept 2015], affd 27 NY3d 1055 [2016]).
Even if defendants met their prima facie burden, plaintiff's opposition raised triable issues as to whether the building's vestibule area was dangerous and violated Multiple Dwelling Law § 37, because of the broken light fixture, and whether defendants were aware of the condition for a sufficient period of time to have remedied it. Plaintiff's brother and cousin, who was a resident of the building, stated that the fixture was broken for a week before the accident, and plaintiff's brother stated that Efrain acknowledged that he was aware of the problem. They also disputed defendants' claims that there were fixtures at the top of the staircase leading to the second floor, at the bottom of the staircase leading to the basement, and on the exterior of the building.
Furthermore, it is noted that the motion court ameliorated any prejudice caused by plaintiff's failure to properly respond to discovery requests by vacating the note of issue and permitting defendants to depose the two belatedly identified witnesses.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK