Julia D. v New York City Hous. Auth. (2020 NY Slip Op 01444)





Julia D. v New York City Hous. Auth.


2020 NY Slip Op 01444


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Friedman, Mazzarelli, Webber, JJ.


11182 350060/14

[*1] Julia D., an Infant Under the Age of Eighteen Years, etc., et al., Plaintiffs-Appellants,
v
New York City Housing Authority, Defendant-Respondent.


Michelstein & Ashman, PLLC, New York (Stephen J. Riegel of counsel), for appellants.
Herzfeld & Rubin, P.C., New York (Linda M. Brown of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about January 8, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Infant plaintiff was injured when, while descending a stairway in stairwell A in defendant's building, she slipped and fell on urine. Defendant established prima facie entitlement to judgment as a matter of law by showing that it neither created nor had notice of the wet condition. Defendant's caretaker stated that she followed the janitorial schedule on the day of the accident and performed the morning safety check at 8:10 a.m. by walking from the top floor to the lobby of the building, inspecting the stairwells. From 10:15 a.m. to 11 a.m., she swept the stairs in stairwell A from the roof to the 2nd floor. When she completed the morning sweep down, stairwell A was clean, dry and free of debris. She also stated that if she saw a wet condition, she would have cleaned it immediately. Finally, she stated that no one complained to her about any conditions in the stairwell on the day of the accident (see Rodriguez v New York City Hous. Auth., 102 AD3d 407 [1st Dept 2013]).
Plaintiffs contend that the affidavit of infant plaintiff's grandmother, who lived in the building, raised a triable issue of fact in that she stated that there was a recurring problem with urine in the stairwell. According to her affidavit, she had complained to defendant about the condition numerous times, and saw urine in stairwell A between the 10th and 11th floors for two or three days prior to the accident. However, the grandmother's affidavit demonstrated only that defendant may have had a general awareness of the problem (see Raposo v New York City Hous. Auth. 94 AD3d 533, 534 [1st Dept 2012]). No evidence was presented that the puddle of urine that caused infant plaintiff's fall was the same condition that her grandmother observed two or three days earlier, given the caretaker's testimony and the evidence of a reasonable cleaning schedule. Furthermore, the record showed
that defendant did not routinely leave the condition unaddressed (see Pfeuffer v New York City Hous. Auth., 93 AD3d 470, 472 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK