Morrison v New York City Hous. Auth. (2022 NY Slip Op 05956)

Morrison v New York City Hous. Auth.

2022 NY Slip Op 05956

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 153970/19 Appeal No. 16542 Case No. 2022-01770 

[*1]Gregory Morrison, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.

Wiese & Aydiner PLLC, Mineola (Si Aydiner of counsel), for appellant.
Cullen & Dykman LLP, New York (Diana Neyman of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about April 20, 2022, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff slipped and fell on a wet or slippery substance on a stairway of an apartment building he was visiting. Defendant established entitlement to judgment as a matter of law by submitting evidence showing that it did not have constructive notice of the alleged condition. Defendant demonstrated that on the day of plaintiff's accident, it had a proper and reasonable inspection and cleaning routine in place to address such conditions (see Hobbs v New York City Hous. Auth., 168 AD3d 634, 635 [1st Dept 2019]).
In opposition, plaintiff failed to raise an issue of fact, as the building inspection reports neither indicate specific staircases or floors with unsatisfactory conditions nor set forth the specific nature of the unsatisfactory condition (see Julia D. v New York City Hous. Auth., 181 AD3d 409, 410 [1st Dept 2020]). Although plaintiff's expert did not, as defendant and the court found, raise a new theory of negligence regarding the claim of inadequate coefficient of friction; the expert nonetheless failed to raise an issue of fact to rebut defendant's prima facie showing that it neither created nor had notice of the transient condition of a wet or slippery substance at the specific incident location and that it followed a proper and reasonable inspection and cleaning schedule (see Villar v New York City Hous. Auth., 193 AD3d 625, 625-626 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022