Louis v City of New York (2024 NY Slip Op 00230)

Louis v City of New York

2024 NY Slip Op 00230

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Oing, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 30357/18 Appeal No. 1447 Case No. 2022-01756 

[*1]Gilbertha Louis, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.

Joshua Annenberg, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 19, 2022, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff slipped and fell on a wet condition in the main office of the public school where she was going to work at approximately 8:00 a.m. on January 5, 2018, the day after a heavy snowstorm. Defendants established lack of constructive notice of the wet condition in the office through the testimony of the custodial engineer assigned to the school concerning the general cleaning procedures used to clear snow and ice, and his logbook, which showed that on the day of the accident the cleaning procedures were followed (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). At his deposition the custodial engineer testified that the cleaning staff came early and cleared snow and dry mopped the floors so that the school was ready for staff and students to arrive. He stated that the January 5, 2018, entry in the logbook stating that the school was "ready to receive staff and students" meant that the exterior and interior of the school had been inspected, in accordance with their cleaning procedures, before the staff and students arrived. He further stated that in performing the inspection, the staff goes floor by floor, checking the stairs, corridors and rooms for any water and drying it with a mop. This was done before the school opened and continuously after staff and students arrived.
In opposition, plaintiff, who did not initially see what she slipped on, did not raise an issue of fact that the wet condition in the office was visible and apparent, and present long enough for defendants to see and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Plaintiff's argument that defendants affirmatively caused or created the condition by failing to place mats in the entryway of the school is unpreserved, and we decline to reach it since it is not a purely legal argument apparent on the face of the record (see Facie Libre Assoc. I, LLC v SecondMarket Holdings, Inc., 103 AD3d 565 [1st Dept 2013], lv denied 21 NY3d 866 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024