York v Tappan Zee Constructors, LLC (2024 NY Slip Op 00826)

York v Tappan Zee Constructors, LLC

2024 NY Slip Op 00826

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Moulton, J.P., Friedman, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 154016/18 Appeal No. 1672 Case No. 2023-00824 

[*1]Kenneth York, Plaintiff-Respondent-Appellant,
v
Tappan Zee Constructors, LLC, Defendant-Respondent-Appellant, Ack Marine and General Contracting, LLC, Defendant.
Tappan Zee Constructors, LLC, Third-Party Plaintiff-Respondent-Appellant,
v
LB Electric Co., LLC, Third-Party Defendant-Appellant-Respondent.

Mauro Lilling Naparty LLP, Woodbury (Glenn A. Kaminska of counsel), for appellant-respondent.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for Kenneth York, respondent-appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for Tappan Zee Constructors, LLP, respondent-appellant.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered January 20, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on the Labor Law § 241(6) claim predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7 (d) and denied that part of his motion that sought partial summary judgment on the Labor Law § 240 (1) claim, granted defendant Tappan Zee Constructors, LLC (TZC)'s motion for summary judgment to the extent of dismissing the Labor Law § 240(1) claim and denied the parts of its motion seeking dismissal of the Labor Law §§ 241(6), 200 and common-law negligence claims, and granted TZC's cross-motion for summary judgment on its contractual indemnification claim against third-party defendant LB Electric Co., LLC (LBE), unanimously modified, on the law, to grant plaintiff's motion for summary judgment as to liability on the Labor Law § 240(1) claim, to deny TZC's motion on the § 240(1) claim, and to deny TZC's cross-motion for summary judgment on its contractual indemnification claim against LBE as premature, and otherwise affirmed, without costs.
Plaintiff, while employed by LBE, was taken by boat to a worksite at the Tappan Zee Bridge where TZC was the general contractor. The boat docked at one of two barges on the water. Plaintiff was injured when he attempted to cross from one barge to another without a gangway and slipped on an alleged icy condition. Plaintiff almost fell into the two-to-three-foot gap between the barges to the water 8 to 12 feet below but was able to grab onto another worker walking in front of him, who then pulled him onto the barge. Plaintiff was unable to see the alleged icy condition before he fell because it was dark. There was artificial lighting on the piers, but not on the barges.
Plaintiff established entitlement to judgment as a matter of law as to liability on his Labor Law § 240(1) cause of action. Although his injuries resulted from his slip and fall on an alleged icy condition on the barges, which were at the same level, he fell while struggling to avoid the elevation-related risk of falling into the water (see Pipia v Turner Constr. Co., 114 AD3d 424, 426-427 [1st Dept 2014], lv dismissed 24 NY3d 1216 [2015]). Furthermore, the site safety plan required a gangway to be in place, and the absence of a gangway was a proximate cause of the accident. In opposition, TZC failed to raise an issue of fact as to whether plaintiff was recalcitrant or the sole proximate cause of his injuries. TZC failed to establish that appropriate safety equipment was available to plaintiff, and that plaintiff then unreasonably chose not to use it (see Sacko v New York City Hous. Auth., 188 AD3d 546, 547 [1st Dept 2020]).
In view of the foregoing, TZC's arguments that the Labor Law § 241(6) claim should have been dismissed are academic (see Cronin v New York City Tr. Auth., 143 AD3d 419, 420 [1st Dept 2016]). However, TZC's arguments [*2]regarding the Labor Law § 200 and common-law negligence claims are not academic, because they are relevant to the contractual indemnification issue (see Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 422 [1st Dept 2021]).
The court properly denied the portion of TZC's motion which sought dismissal of plaintiff's Labor Law § 200 and common-law negligence claims against it. Those claims are based on a dangerous condition on the site, not on the method or materials used in the work (see Raffa v City of New York, 100 AD3d 558, 558 [1st Dept 2012]). TZC failed to meet its initial burden of demonstrating an absence of material issues of fact as to whether it had constructive notice of the icy condition (see Pereira v New Sch., 148 AD3d 410, 412-413 [1st Dept 2017]). We decline to reach TZC's contention that the condition was not visible and apparent, which is a factual argument improperly raised for the first time on appeal (see Kowalczyk v Time Warner Entertainment Co., L.P., 121 AD3d 630, 631 [1st Dept 2014]). In any event, there was evidence that ice formed on the barges during the winter.
The court should have denied TZC summary judgment on its contractual indemnification claim against LBE as premature, notwithstanding the broad indemnification language. There are issues of fact as to whether TZC had notice of the icy condition or the lighting condition on the barges and could have remedied the conditions (see Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 494 [1st Dept 2020]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024