Gopee v CVS Albany L.L.C. (2025 NY Slip Op 01288)

Gopee v CVS Albany L.L.C.

2025 NY Slip Op 01288

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Renwick, P.J., Gesmer, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 32396/20|Appeal No. 3842|Case No. 2024-02655|

[*1]Deochand Gopee, Plaintiff-Appellant,
v
CVS Albany L.L.C., et al., Defendants-Respondents.

Siegel & Coonerty LLP, New York (Michael Peters of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York (Andrew Kowlowitz of counsel), for CVS Albany, L.L.C., respondent.
McAngus Goudelock & Courie, Garden City (Todd R. Harris of counsel), for 1688 Rojav Realty, LLC, respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about April 16, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on liability, unanimously affirmed, without costs.
The court properly denied plaintiff's motion, as there were triable issues of fact concerning whether the sprinkler system operated and maintained by defendants caused the wet condition of the sidewalk (see generally Simmons v Metropolitan Life Ins. Co., 84 NY2d 972 [1994]). Defendant lessee presented an invoice by a servicing company indicating that the sprinklers were turned off in October 2019, before plaintiff's accident on December 21, 2019. In opposition, plaintiff presented a video taken by his investigator of the sprinklers in operation, but the video was filmed in September 2020, nine months after the accident and before the sprinklers were typically turned off for the winter, according to a member of defendant owner. The climate data also was inconclusive in that it showed freezing rain, rain, sleet, snow showers, and snow flurries from December 16, 2019 to December 19, 2019, with temperatures both above and below freezing at various times. Although plaintiff's expert opined that the conditions on the day before the accident were favorable for melting and evaporation, some areas may have remained wet. Accordingly, plaintiff did not establish as a matter of law that the wet condition on the sidewalk was caused by defendants' negligence (see Raghu v New York City Hous. Auth., 72 AD3d 480, 482 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025