Toomer v New York City Hous. Auth. (2025 NY Slip Op 03781)

Toomer v New York City Hous. Auth.

2025 NY Slip Op 03781

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Webber, J.P., Friedman, Kapnick, Higgitt, Michael, JJ. 

Index No. 154831/18|Appeal No. 4621|Case No. 2024-03476|

[*1]Morris Toomer, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered April 19, 2024, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was allegedly injured when he slipped and fell on a paper plate as he descended the interior stairwell of defendant's building. Defendant established its prima facie case as a matter of law by submitting evidence that it did not have constructive notice of the allegedly hazardous conditions (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). The caretaker for the building at the time of the accident testified that he performed a safety walk down on the morning of the accident and would have immediately cleaned up any garbage in the stairwell and changed any light bulb that was out. This testimony was corroborated both by his supervisor, who testified that she completed a checklist on the day of the accident based on the information the caretaker gave her after the walk down, and by the checklist itself (see Rodriguez v New York City Hous. Auth., 102 AD3d 407, 407 [1st Dept 2013]). The caretaker and supervisor testified that walk-down inspections of the building were performed twice daily during the week and once on Saturdays and Sundays. Defendant also submitted an affidavit of its superintendent attesting that there were no complaints or work orders to repair light fixtures in the subject building or about debris on the stairwell during the relevant period.
In opposition, plaintiff failed to raise a triable issue of fact. The record fails to demonstrate that debris in the stairwell was a recurring dangerous condition routinely left unremedied by defendant, but rather that defendant merely had a general awareness of such condition, for which it is not liable (see Julia D. v New York City Hous. Auth., 181 AD3d 409, 410 [1st Dept 2020]; Rodriguez, 102 AD3d at 408). As for the alleged lighting outage, neither nonparty affiant averred that they saw the light out in the stairwell before the accident. Moreover, whether the light was out during or after the accident is irrelevant to the issue of constructive notice (see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025