Vargas v ESRT Empire State Bldg., LLC

2026 NY Slip Op 02231

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Rodney Vargas, Plaintiff-Respondent,

v

ESRT Empire State Building, LLC, et al, Defendants-Appellants, LinkedIn Corporation, Defendant-Respondent. And Third-Party Actions

Decided and Entered: April 14, 2026

Index No. 155627/16, 595430/17, 565296/20|Appeal No. 6348|Case No. 2024-07202|

Before: Moulton, J.P., Friedman, González, Shulman, Rosado, JJ.

Ahmuty, Demers & McManus, Albertson (Kevin J. Murtagh of counsel), for appellants.

Wingate, Russotti, Shapiro, Moses & Halperin, LLP, Garden City (Lisa M. Comeau of counsel), for Rodney Vargas, respondent.

Kiernan Trebach LLP, New York (Peter Ghattas of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for LinkedIn Corporation, respondent.

[*1]

Order, Supreme Court, New York County (Richard G. Latin, J.), entered November 20, 2024, which, to the extent appealed from as limited by the briefs, granted defendant LinkedIn Corporation's motion for summary judgment dismissing the complaint and all cross-claims against it and plaintiff's motion for summary judgment on the issue of liability against defendants ESRT Empire State Building, LLC and Empire State Realty Trust Inc. (together, Empire), unanimously affirmed, without costs.

In this slip and fall case, plaintiff demonstrated prima facie entitlement to summary judgment on the issue of liability as against Empire, the property owner, based on his testimony that the vestibule near the freight elevator was dark, that the light had not been working for a month, and that there was an oily or greasy substance on the floor. Plaintiff also submitted photographs of the slippery condition and inadequate lighting in the area, and Empire's records show that it had notice of the inadequate lighting. In opposition, Empire failed to raise a triable issue of fact.

LinkedIn demonstrated prima facie that it was not responsible for maintaining the area by the freight elevator where plaintiff fell, which was not within its leased space, thus warranting summary dismissal of the complaint as against it as well as Empire's cross-claims. "Liability for a dangerous condition on [a] property is predicated upon occupancy, ownership, control or a special use of such premises" (Balsam v Delma Eng'g Corp., 139 AD2d 292, 296 [1st Dept 1988], lv dismissed in part, denied in part 73 NY2d 783 [1988]). Where none of these elements are present, as here, a party cannot be held liable for injury caused by the dangerous condition on the property(see id. at 297).

In opposition, Empire failed to present sufficient evidence to raise a triable issue of fact concerning LinkedIn's responsibility for maintaining the area by the freight elevator where plaintiff fell. Nor did Empire present evidence sufficient to raise a triable issue of fact concerning the source of the oily or greasy substance on the floor. Empire's mere speculation that the source of the substance was a vendor hired by LinkedIn is inadequate to sustain their cross-claims (see Raghu v New York City Hous. Auth., 72 AD3d 480, 482 [1st Dept 2010]). Moreover, there may be more than one proximate cause of an injury (see Turturro v City of New York, 28 NY3d 469, 483 [2016]).

[*2]

In light of granting plaintiff's motion for summary judgment on the issue of liability as against Empire, Empire's contractual indemnification cross-claim was properly dismissed because the lease specifically exempted from indemnification injuries that were caused by the negligence or willful misconduct of Empire (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). Empire also failed to present sufficient evidence to raise a triable issue of fact concerning its entitlement to common-law indemnification because it did not show that it was free of negligence and that plaintiff's injuries were the result of LinkedIn's negligence (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). Further, a party who participated to some degree in the wrongdoing cannot receive the benefit of common-law indemnification (see McCarthy v Turner Constr., Inc, 17 NY3d 369, 377-378 [2011]). Contribution was also inapplicable because Empire did not present evidence that LinkedIn had a duty to plaintiff (see Raquet v Braun, 90 NY2d 177, 183 [1997]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026