■ Nicholas Siciliano et al., Appellants, v Garden of Eden, Inc., Respondent, et al., Defendant. [786 NYS2d 148]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about January 9, 2004, which granted defendant-respondent's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that while delivering large jugs of water to defendant, a gourmet food store, he slipped and fell on an accumulation of grease on the floor of defendant's storeroom. Defendant showed, prima facie, that grease deliveries to its store are brought directly to and stored in its kitchen, which is some 15 to 20 feet down a corridor from the storeroom, that no food is prepared in the storeroom, where outside vendors make their daily deliveries of water, beverage and food, and that defendant's manager was unaware of the existence of grease on the storeroom floor prior to the accident and of any prior complaints of grease on the storeroom floor. Plaintiff admits that the grease was clear, that he did not notice it before he fell and that he cannot say how large the spot was (*compare Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403, 404-405 [2001]), but asserts that he noticed defendant's employees near the storeroom carrying trays of prepared food and pots and pans, and argues that given the proximity of the storeroom to the kitchen, a jury could reasonably find either that the grease spot was created or should have been noticed by one of defendant's employees. The argument was properly rejected by the motion court as pure speculation (*see Strowman v Great Atl. & Pac. Tea Co.*, 252

AD2d 384, 385 [1998]). Concur—Buckley, P.J., Williams, Lerner, Gonzalez and Sweeny, JJ. ·