■ CONDACE EDWARDS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [899 NYS2d 203]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered February 2, 2009, which, in an action for personal injuries sustained when plaintiff slipped and fell on the rear exit steps of defendants' bus, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff's inability to identify the "hard" object on the steps that caused her to fall, along with the deposition testimony of defendants' bus driver that he inspected the steps both at the start of his shift and shortly after the accident and on both occasions observed them to be clear of debris, established defendants' prima facie entitlement to summary judgment (see *Goldfischer v Great Atl. & Pac. Tea Co., Inc.*, 63 AD3d 575 [2009]). Contrary to the motion court's conclusion, plaintiff's testimony that she routinely rides this bus line and routinely finds the bus "filthy" with "food, bottles, cans and newspapers strewn about" does not raise an issue of fact as to whether defendants had constructive notice of the allegedly hazardous condition of the steps by reason of a dangerous recurring condition in the area of the steps that was routinely left unaddressed. A general awareness that debris may have been present on the bus is insufficient to raise an issue of fact as to whether defendants had notice of whatever it was on the steps that caused plaintiff to fall (see *Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986]; *Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005], *affg* 21 AD3d 735, 736 [2005]; *Arrufat v City of New York*, 45 AD3d 710 [2007]). Concur—Andrias, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.