■ MARINA SELEZNYOV, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [979 NYS2d 44]—

NYCTA failed to establish entitlement to judgment as a matter of law in this action where plaintiff was injured when she slipped and fell on debris as she descended the stairs at a subway station. NYCTA did not show the absence of actual or constructive notice of the condition that allegedly caused plaintiff to fall. Although the affidavit from NYCTA's employee shows that the stairs were cleaned in accordance with a cleaning schedule, the employee averred that she began cleaning after the accident, and NYCTA did not submit any evidence showing when the stairway was last cleaned or inspected before the accident (*see Gautier v 941 Intervale Realty LLC*, 108 AD3d 481 [1st Dept 2013]; *Aviles v 2333 1st Corp.*, 66 AD3d 432 [1st Dept 2009]; *cf. Harrison v New York City Tr. Auth.*, 94 AD3d 512 [1st Dept 2012]). Contrary to defendants' contention that the affidavit established a reasonable cleaning schedule, the affidavit in fact raises questions as to the adequacy and reasonableness of the schedule (*cf. Harrison* at 514). Moreover, plaintiff adequately identified the condition that caused her fall as a piece of newspaper with a hard object underneath it (*compare Kwitny v Westchester Towers Owners Corp.*, 47 AD3d 495 [1st Dept 2008]).

Because NYCTA failed to satisfy its prima facie burden, there is no need to address the sufficiency of plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Concur—Tom, J.P., Saxe, Moskowitz, Gische and Clark, JJ.