Judgment, Supreme Court, Bronx County (Robert E. Torres, J.), entered on or about July 25, 2012, which, to the extent ap *417 pealed from as limited by the briefs, following a jury verdict, awarded plaintiff total compensatory damages of $2,610,000, including $600,000 for past pain and suffering, and $1,300,000 for future pain and suffering over 27 years, unanimously modified, on the facts, to vacate the award for future pain and suffering and remand the matter for a new trial solely on the issue of such damages unless plaintiff, within 30 days of service of a copy of this order, with notice of entry, stipulates to reduce the award of damages for future pain and suffering to $800,000 and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.
The jury’s award is supported by testimony from plaintiff, his son, and a cleaner employed by defendant, that debris on the stairs of the subway station was a recurring condition, of which defendant was aware, that was left unaddressed (see Kelsey v Port Auth. of N.Y. & N.J., 52 AD2d 801 [1st Dept 1976]). Defendant did not demonstrate that a reasonable cleaning schedule was established and followed prior to plaintiffs accident, as its employee testified only that she cleaned the steps where plaintiff fell two days before the accident, there was no evidence of additional cleaning thereafter, and no cleaning log was admitted into evidence establishing that the routine cleaning schedule was adhered to (see Williams v New York City Hous. Auth., 99 AD3d 613 [1st Dept 2012]; accord Harrison v New York City Tr. Auth., 94 AD3d 512, 514 [1st Dept 2012]).
We find that, to the extent indicated, the award for future pain and suffering deviates materially from what is reasonable compensation under the circumstances.
Concur — Tom, J.E, Friedman, Acosta, Andrias and Richter, JJ.