Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 8, 2013, as amended May 29, 2013, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established its entitlement to judgment as a matter of law in this action where plaintiff was injured when she slipped and fell as she descended the interior stairs of defendant’s building. Defendant submitted evidence, including the testimony of its supervisor of caretakers, as to its activities on the day of the accident, and when the area where plaintiff fell was last inspected and cleaned (see Rodriguez v New York City Hous. Auth., 102 AD3d 407 [1st Dept 2013]; Smith v Costco Wholesale Corp., 50 AD3d 499, 500-501 [1st Dept 2008]).
In opposition, plaintiff failed to raise a triable issue of fact concerning defendant’s constructive notice of the oily condition of the stairs. Although the record shows that the stairwell was last inspected at approximately 1 p.m. on a Sunday and plaintiff fell at 7 p.m. that evening, “[t]he court cannot impose a duty upon a municipal authority to alter its cleaning schedule or hire additional cleaners without a showing that the established schedule[ ] is manifestly unreasonable,” which was not made here (Harrison v New York City Tr. Auth., 94 AD3d 512, 514 [1st Dept 2012]; see Rivera v 2160 Realty Co., L.L.C., 4 NY3d 837 [2005]).
We have considered plaintiffs remaining arguments and find them unavailing.
Concur — Tom, J.E, Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.