Valenta v Spring St. Natural (2019 NY Slip Op 04118)





Valenta v Spring St. Natural


2019 NY Slip Op 04118


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


9459 152824/14

[*1]Sonja Valenta, Plaintiff-Appellant,
v
Spring Street Natural, et al., Defendants-Respondents.


The Law Offices of Russell Trocano & Associates, New York (Russell P. Trocano of counsel), for appellant.
The Law Office of James J. Toomey, New York (Jason Meneses of counsel), for respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered March 29, 2017, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established prima facie that they neither created the dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (e.g. Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137 [2017]; Perez v River Park Bronx Apts., Inc., 168 AD3d 465, 466 [1st Dept 2019]). Among other things, defendants' manager received no complaints concerning the floor and saw nothing on the floor when he inspected in the morning or later, around ten minutes before plaintiff fell (see Fink v Board of Educ. of City of N.Y., 117 AD2d 704, 705 [2d Dept 1986], lv denied 68 NY2d 607 [1986]). The evidence that neither plaintiff nor defendants' employees saw the slippery substance on the floor until after plaintiff fell demonstrates that it was not sufficiently visible and apparent to charge defendants with constructive notice (see Gomez v J.C. Penny Corp., Inc., 113 AD3d 571 [1st Dept 2014]; Siciliano v Garden of Eden, Inc., 12 AD3d 319 [1st Dept 2004]).
Furthermore, testimony by defendant's manager that the porter cleaned the restaurant floor every night with a solution of water and vinegar is sufficient to establish a lack of constructive notice (see Harrison v New York City Transit Authority, 94 AD3d 512, 514 [1st Dept 2012]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's speculation that her fall could have been caused by the porter's use of a vinegar and water mixture to clean the floors is insufficient to sustain a cause of action (see Acevedo v York Intl. Corp., 31 AD3d 255, 257-258 [1st Dept 2006], lv denied 8 NY3d 803 [2007]). The wet or greasy substance on the floor of a busy restaurant was a transient condition that could have appeared at any point after the porter finished cleaning the floors in the morning (see Perez, 168 AD3d at 466).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK