Carela v New York City Tr. Auth. (2019 NY Slip Op 06140)





Carela v New York City Tr. Auth.


2019 NY Slip Op 06140


Decided on August 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 13, 2019

Friedman, J.P., Renwick, Kapnick, Kahn, Oing, JJ.


9278 152588/15

[*1]Deivys Carela, et al., Plaintiffs-Appellants,
v
New York City Transit Authority, Defendant-Respondent.


Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for appellants.
Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondent.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered June 6, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendant failed to establish its prima facie entitlement to judgment as a matter of law, in this action where plaintiff Deivys Carela alleges that he was injured when, while descending stairs in a subway station, he slipped and fell on a discarded Metrocard. Although the cleaner on duty in the station testified he was given a Cleaners Manual and a written cleaning schedule, evidencing that defendant had a "rational means for dealing with the problem" of strewn MetroCards on the stairwell of train stations, the cleaner conceded that he could not recall whether he had deviated from his usual work schedule on the date of plaintiff's accident and he did not have an independent recollection of when the staircase was last cleaned or inspected prior to the accident (Savio v St. Raymond Cemetery, 160 AD3d 602, 603 [1st Dept 2018]; cf. Harrison v New York City Tr. Auth., 94 AD3d 512, 513-514 [1st Dept 2012][noting there that the station cleaner testified that she "remembered cleaning the station completely pursuant to her usual routine on the day of the accident"])).
Because defendant did not establish its prima facie entitlement to summary judgment, the burden never shifted to plaintiff to establish how long the condition existed (Savio v St. Raymond Cemetery, 160 AD3d at 603, citing Sabalza v Salgado, 85 AD3d 436, 438 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 13, 2019
CLERK