Thomas v Sere Hous. Dev. Fund Corp. (2019 NY Slip Op 06443)





Thomas v Sere Hous. Dev. Fund Corp.


2019 NY Slip Op 06443


Decided on September 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 3, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


9453 25415/15E

[*1]Kenneth Thomas, Plaintiff-Respondent,
v
Sere Housing Development Fund Corporation, et. al., Defendants-Appellants.


Milber Makris Plousadis & Seiden, LLP, White Plains (Michele D. Newsome of counsel), for appellants.
Wingate, Russotti, Shapiro & Halperin, LLP, New York (David M. Schwarz of counsel), for respondent.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered on or about August 31, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Summary judgment should have been granted in this action where plaintiff alleges that he was injured when he slipped and fell on a wet substance on the interior stairs of defendants' building. Defendants' superintendent offered testimony as to the janitorial schedule to be followed on a particular day. An established reasonable cleaning routine precludes the imposition of liability (see Harrison v New York City Tr. Auth., 94 AD3d 512, 514 [1st Dept 2012]). Where, as here, the incident occurs outside of the scheduled cleaning routine, plaintiff's failure to raise a factual issue that such routine was manifestly unreasonable so as to require altering it warrants dismissal of the complaint (id.).
Furthermore, plaintiff testified that there was no wet condition on the stairs when he left the building, that upon his return a short while later he observed an alleged wet condition on the stairs, that he did not notify anyone of such condition, and that as a result of this condition he slipped and fell on the stairs as he was leaving the building a second time. Plaintiff's testimony demonstrates that defendants did not have actual notice of the purported wet condition, or constructive notice given that the condition did not exist for a sufficient length of time prior to the accident to permit defendants' employees to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 3, 2019
CLERK