**Eleazar v New York City Tr. Auth.**

2024 NY Slip Op 32298(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 156191/2019

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. RICHARD TSAI**      PART      21

*Justice*

------------------------------------------------------------------------X

CHARO ELEAZAR,

         Plaintiff,

     - v -

NEW YORK CITY TRANSIT AUTHORITY,

         Defendant.

------------------------------------------------------------------------X

| INDEX NO. | 156191/2019 |
|---|---|
| MOTION DATE | 05/06/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 37-53

were read on this motion to/for      JUDGMENT - SUMMARY      .

In this slip and fall action, plaintiff Charo Eleazar alleges that she slipped while descending a subway street staircase, causing her to suffer injuries. Defendant New York City Transit Authority now moves for summary judgment pursuant to CPLR § 3211 and 3212 on the grounds that defendant neither created nor had notice of any dangerous condition alleged to have caused plaintiff's injuries. Plaintiff opposes this motion.

## BACKGROUND

Plaintiff states that, on November 28th, 2018, she slipped while walking down the "S8" staircase of the 34th Street Herald Square Station (defendant's exhibit B, complaint ¶ 12 [NYSCEF Doc No. 42]). Defendant admits to operating, maintaining, and inspecting this station (defendant's exhibit C, verified answer ¶ 5 [NYSCEF Doc No. 43]).

At plaintiff's statutory hearing, plaintiff testified that it was neither raining nor snowing on the day of her accident, and that the ground was completely dry (defendant's exhibit F, statutory hearing tr at 33 lines 7-25; at 34 line 1 [NYSCEF Doc No. 46]). She claimed that she slipped due to "dirty," "brown," water accumulated on the second step from the bottom (*id.* at 36 lines 21-22; at 37 lines 1-6). Plaintiff further claimed that the previous steps were dry and that only the second step from the bottom had water on it (*id.* at 37 lines 8-9). She conceded that she was unaware of how long the water was on the step before she slipped on it (*id.* at 38 lines 2-4). She confirms that she did not report this accident to any employee of the Transit Authority, although she made a report with medical personnel that arrived at the scene (*id.* at 41 lines 1-11).

[* 1]

At plaintiff's deposition, she stated that there were no warning signs on the steps (defendant's exhibit G, plaintiff EBT tr at 23 lines 8-11 [NYSCEF Doc No. 47]). She admitted she did not make any report about the condition of the steps prior to the accident (*id*. at 25 lines 13-18). She also conceded that she does not know if any prior complaints about the condition of the steps had been made by anyone else (*id*. at 25 lines 19-22).

Defendant contends that it does not have any report of plaintiff's injuries on the day of the accident (affirmation of defendant's counsel in support of motion ¶ 3). Defendant claims that it was "not aware of the accident until receipt of plaintiff's Notice of Claim" issued two months post-accident (*id*.).

Wayne Tucker testified at his deposition that he was a station cleaner for the 34th Street Herald Square Station at the time of the incident (defendant's exhibit H, defendant EBT tr at 8, lines 6-25 [NYSCEF Doc No. 48]). According to Tucker, there would have been three assigned cleaners at the time of the incident and that each cleaner is assigned a specific area (*id*. at 13 lines 2-7). When asked if he was assigned to the S8 staircase on the day of the accident, he answered, "I could not say" (*id*. at 13 lines 8-10). When asked if he wrote an accident report on the day of the accident due to the liquid on the S8 staircase, he answered "I do not recall" (*id*. at 13 lines 17-21).

Regarding cleaning procedures for liquids, Tucker stated, "[i]f the liquid was small enough, I have rags in my pocket. I would cover the liquid with a rag and sweep it up. If it was too large, I would get a mop and mop it up" (*id*. at 13 lines 23-25; at 14 lines 2-4). He stated that he does not fill out written reports "if there was spilled liquid on the stairway and [he] wiped it up" (*id*. at 14 lines 23-25; at 15 line 1).

In defendant's affidavit, Tucker admitted that he has "no personal knowledge of plaintiff's alleged accident" (defendant's exhibit I, Tucker aff ¶ 4 [NYSCEF Doc No. 49]). Despite having no personal recollection of his cleaning practices at the time of the incident, he claimed that he would have followed an assigned cleaning schedule (*id*. ¶¶ 5-6). He stated that, based on the cleaning schedule attached, "[he] would have cleaned and swept all of the street stairs between the hours of 7:00 a.m. and 8:00 a.m. and then swept them for a second time between the hours of 12:00 p.m. and 1:00 p.m." (*id*.).

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34

NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

On a motion for summary judgement, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

Defendant argues that it is entitled to summary judgment as a matter of law because plaintiff has not produced evidence showing that defendant either created or had notice of the dangerous condition (affirmation of defendant's counsel in support of motion ¶ 12 [NYSCEF Doc No. 39]).

To be entitled to summary judgment in a slip and fall case, defendant has the burden of making "a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (*Rodriguez v Kwik Realty*, LLC, 216 AD3d 477, 478 [1st Dept 2023] [internal quotation marks omitted]). Only when the defendant has met its initial burden as movant will the burden shift to the plaintiff "to establish how long the condition had been in existence" (*Sabalza v Salgado*, 85 AD3d 436, 438 [1st Dept 2011]).

Here, defendant has not met its prima facie burden.

"Actual notice may be found where a defendant either created the condition, or was aware of its existence prior to the accident" (*Atashi v Fred-Doug 117 LLC*, 87 AD3d 455, 456 [1st Dept 2011]). "Constructive notice may be found when a defect has been "visible and apparent for a sufficient length of time to permit the defendant's employees to discover and remedy it" (*id.* at 456). "A defendant demonstrates lack of constructive notice by producing evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area was last inspected or cleaned before plaintiff fell (*Seleznyov v New York City Transit Authority*, 113 AD3d 497, 498 [1st Dept 2014]; *Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [1st Dept 2011]).

Here, defendant appears to rely on the affidavit, deposition and attached cleaning schedule of their witness, Tucker, to show that "the staircase would have been cleaned twice before plaintiff's accident, [with] the last time being only 45 minutes to plaintiff's accident" (Tucker aff ¶ 7).

However, Tucker stated, "I do not have any independent recollection of the day in question" (Tucker aff ¶ 5). At his deposition, Tucker did not recall if he was assigned to the S8 staircase on the date of the incident (defendant EBT tr at 13, lines 8-20). Thus, the existence of the cleaning schedule was the basis of Tucker's belief that it had been followed. However, evidence "that a [cleaning] schedule merely existed does not suffice for purposes of showing that it was followed" (*Gautier v 941 Intervale Realty LLC.*, 108 AD3d 481, 481 [1st Dept 2013]). Because Tucker had no independent recollection of his cleaning procedures on the day of the accident, defendant did not establish that

**156191/2019   CHARO ELEAZAR v. NEW YORK CITY TRANSIT AUTHORITY**                **Page 3 of 4**
**Motion No.  002**

Tucker had cleaned the S8 staircase 45 minutes prior to the accident (*Carela v New York City Tr. Auth.*, 175 AD3d 419 [1st Dept 2019] [cleaner did not have an independent recollection of when the staircase was last cleaned or inspected prior to the accident]).

Because defendant did not meet its prima facie burden of demonstrating lack of constructive notice, the court need not address whether defendant established lack of actual notice or that it did not cause or create the alleged condition.

Although plaintiff "does not know where the alleged dirty water came from or how long it existed prior to her accident" (*id*. ¶ 6), "[a] defendant cannot satisfy its burden merely by pointing out gaps in the plaintiff's case" (*Sabalza v Salgado*, 85 AD3d 436, 438 [1st Dept 2011]). By arguing that "plaintiff does not know whether or not the substance was coffee, soda or just dirty water from subway pedestrian traffic," and that the alleged "dirty water [was] on only one step of the staircase" (reply affirmation [NYSCEF Doc. No 53] ¶¶ 4-6), defendant appears to be merely pointing at gaps in proof of the merits of plaintiff's case.

## CONCLUSION

Upon the foregoing documents, it is **ORDERED** that the defendant's motion for summary judgment (Motion Sequence No. 002) is **DENIED.**

This constitutes the decision and order of the court.

20240708194826RTSAI295C44AF04724F6CA844D9F7766AA4D7

| 07/08/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **RICHARD TSAI, J.S.C.** | | |
| CHECK ONE: | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | | |
| | ☐ | GRANTED | ☒ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**156191/2019   CHARO ELEAZAR v. NEW YORK CITY TRANSIT AUTHORITY**
**Motion No.  002**

Page 4 of 4

[* 4]