■ JORGE NIEVES et al., Respondents, v RIVERBAY CORPORATION, Appellant, et al., Defendant. [944 NYS2d 51]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered December 13, 2010, awarding plaintiffs the principal aggregate sum of $307,500 against defendant Riverbay Corporation, and bringing up for review an order, same court and Justice, entered December 3, 2010, which denied defendant's posttrial motion to set aside the jury's verdict, unanimously modified, on the law, to reduce the award of damages for past medical expenses from $10,000 to $5,000, and otherwise affirmed, without costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The jury's finding that defendant breached its duty to exercise reasonable care to maintain its premises in a reasonably safe

condition and proximately caused plaintiff's slip and fall in the icy parking lot is not against the weight of the evidence.

Defendant's claim that plaintiff's counsel made prejudicial comments in summation is unpreserved. In any event, the complained-of comments were isolated remarks that constituted either fair comment on the evidence or a fair response to defendant's arguments with respect to witness credibility, and were not the type of comments that could have deprived defendant of a fair trial (*see Bennett v Wolf*, 40 AD3d 274, 275 [2007], *lv denied* 9 NY3d 818 [2008]).

The court properly declined to charge the jury on comparative negligence since there was no valid line of reasoning based on the trial evidence that would support a finding of comparative negligence (*see Cuadrado v New York City Tr. Auth.*, 65 AD3d 434, 435 [2009], *lv dismissed* 14 NY3d 748 [2010]; *Perales v City of New York*, 274 AD2d 349, 350 [2000]).

The jury's award of $10,000 for past medical expenses is unsupported by competent evidence to the extent that it exceeds the sum of $5,000, the amount that plaintiff Rosa Nieves testified had been paid by plaintiffs in out-of-pocket medical expenses. There is no competent evidence in the record with respect to unpaid past medical expenses (*see Lane v Smith*, 84 AD3d 746, 748-749 [2011]). There is no basis for vacating or reducing the other challenged damages awards. Concur—Saxe, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.