Mareneck v Bohemian Brethern Presbyt. Church (2022 NY Slip Op 00128)





Mareneck v Bohemian Brethern Presbyt. Church


2022 NY Slip Op 00128


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Index No. 151088/19, 595701/20 Appeal No. 15005 Case No. 2021-02295 

[*1]Aimee Mareneck, Plaintiff-Respondent,
v
Bohemian Brethern Presbyterian Church, Doing Business as Jan Hus Presbyterian Church, Defendant-Appellant-Respondent.
Bohemian Brethern Presbyterian Church, Doing Business as Jan Hus Presbyterian Church, Third-Party Plaintiff-Appellant-Respondent,
v
Unique Building Maintenance Services Corp., Third-Party Defendant-Respondent-Appellant.


Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellant-respondent.
Camacho Mauro Mulholland, LLP, New York (Kathleen M. Mulholland of counsel), for respondent-appellant.
Pulvers, Pulvers & Thompson, L.L.P., New York (Shachar Hadar of counsel), for respondent.



Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered May 10, 2021, which denied the motion of defendant Bohemian Brethern Presbyterian Church doing business as Jan Hus Presbyterian Church (the Church) for summary judgment dismissing the complaint, and denied the motion of third-party defendant Unique Building Maintenance Services Corp. for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
The Church established prima facie entitlement to summary judgment by submitting proof that it did not cause or create a wet condition in the vestibule of its building, and that it lacked actual or constructive notice of the allegedly dangerous condition. The Church's administrator testified that the Church followed a daily cleaning protocol and that the cleaning person had been on duty on the day of the accident; in addition, another Church employee submitted an affidavit averring that the cleaning protocol was in place and was followed on the day of the accident. Moreover, the Church employee stated in her affidavit that 20 minutes before the accident, she inspected the area on which plaintiff fell and found it to be clean and dry (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]).
Furthermore, the motion court should not have disregarded the Church employee's affidavit on the ground that she was not disclosed as a witness in response to plaintiff's discovery demands. During the deposition of the Church's administrator, the administrator identified the employee by name and testified she and the employee had had a discussion as to the employee's knowledge of the circumstances surrounding the accident. Thus, plaintiff was made aware that the employee had relevant information concerning the condition of the vestibule before the accident, and had ample opportunity to request her deposition if desired.
Plaintiff failed to present evidence sufficient to raise a triable issue of fact regarding notice, as she testified that she did not know how long the puddle was on the floor before her fall and was unaware of any complaints regarding the puddle (see Early v Hilton Hotels Corp, 73 AD3d 559, 561 [1st Dept 2010]). In any event, the Church had no obligation to continuously mop up moisture tracked into the vestibule by people entering from outside on a rainy day, or to cover the entire floor of the premises with mats (see Jones v Icahn Assoc. Corp., 173 AD3d 546, 547 [1st Dept 2019]).
The Church raises no arguments regarding contractual indemnification. Accordingly, dismissal of the complaint also compels dismissal of the third-party complaint. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022