Gonzalez v 1436 Beach Realty LLC (2022 NY Slip Op 02193)





Gonzalez v 1436 Beach Realty LLC


2022 NY Slip Op 02193


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 


Index No. 306151/11 Appeal No. 15632 Case No. 2021-00207 

[*1]Julia Gonzalez, Plaintiff-Respondent-Appellant,
v
1436 Beach Realty LLC, Defendant-Appellant-Respondent.


Carol R. Finocchio, Water Mill (Marie R. Hodukavich of counsel), for appellant-respondent.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about January 15, 2021, which denied the parties' posttrial CPLR 4404 motions, unanimously modified, on the facts, to vacate the jury's awards of $500,000 for past medical expenses and $200,000 for past lost earnings, and to order a new trial on those categories of damages unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to reduce those awards to $262,960 and $189,108, respectively, and to vacate the jury's awards of $0 for future pain and suffering and $350,000 for future medical expenses, and to order a new trial on those categories of damages, and otherwise affirmed, without costs.
The trial court properly declined to disturb the jury's liability verdict against defendant as it was supported by legally sufficient evidence, and it was not contrary to the weight of the credible evidence. The jury could have reasonably found from the testimony of plaintiff and the building porter that defendant had constructive notice of the unsafe condition that caused plaintiff's fall (cf. Mareneck v Bohemian Brethern Presbyt. Church, 201 AD3d 471 [1st Dept 2022]; see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]).
The jury's awards for past medical expenses and past lost earnings are against the weight of the credible evidence. The award for past medical expenses exceeds the amount paid for plaintiff's medical care, which is the amount she requested (e.g. Nieves v Riverbay Corp., 95 AD3d 458, 459 [1st Dept 2012]; Tonaj v ABC Carpet Co., Inc., 43 AD3d 337, 339-340 [1st Dept 2007]), and the award for past lost earnings exceeds the amount plaintiff requested, as supported by her W-2. Given the plaintiff's multiple alleged injuries and the general nature of the damages interrogatories, the jury's award of substantial future medical expenses cannot be logically reconciled with its refusal to award future pain and suffering (see Natoli v City of New York, 180 AD3d 477 [1st Dept 2020]). Thus, a new trial on future damages is warranted.
We have considered the parties' remaining arguments and find them unpersuasive.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022