Aguilera v BJ's Wholesale Club, Inc. (2022 NY Slip Op 06738)

Aguilera v BJ's Wholesale Club, Inc.

2022 NY Slip Op 06738

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Webber, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 20187/18E Appeal No. 16735 Case No. 2021-02341 

[*1]Anneldy Aguilera, Plaintiff-Appellant,
v
BJ's Wholesale Club, Inc., Defendant-Respondent.

Mitchell Dranow, Sea Cliff, for appellant.
Morrison Mahoney LLP, New York (Demi Sophocleous of counsel), for respondent.

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about June 16, 2021, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. 
Plaintiff testified that she was injured when, while entering a stall in the ladies room at defendant's store, she slipped and fell on an unidentified wet substance. Defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence showing that it did not have actual or constructive notice of the hazardous condition. Its maintenance worker testified that she worked on the day of plaintiff's accident and followed her set schedule, pursuant to which she would inspect and clean the entire bathroom and each stall twice per hour, which included making sure the floor was not wet, and drying any wet conditions (see Mareneck v Bohemian Brethern Presbyt. Church, 201 AD3d 471, 472 [1st Dept 2022]; Gomez v J.C. Penny Corp., Inc., 113 AD3d 571, 571-572 [1st Dept 2014]). 
In opposition, plaintiff failed to raise a triable issue of fact. She submitted no evidence of actual notice and, viewing the record in the light most favorable to plaintiff, defendant had as little as 4 minutes and no more than 30 minutes, to find the condition plaintiff slipped on and remediate it, which is "an insufficient period of time to charge defendant with having constructive notice" (Frederick v New York City Hous. Auth., 172 AD3d 545, 545 [1st Dept 2019]; see Pagan v New York City Hous. Auth., 121 AD3d 622, 623 [1st Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022