Mateo v Franklin Plaza Apts., Inc. (2023 NY Slip Op 05542)

Mateo v Franklin Plaza Apts., Inc.

2023 NY Slip Op 05542

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, González, Shulman, Rosado, JJ. 

Index No. 158355/18 Appeal No. 960 Case No. 2022-04983 

[*1]Felix Mateo, Plaintiff-Appellant,
v
Franklin Plaza Apartments, Inc., Defendant-Respondent.

Kahn Gordon Timko & Rodriques, P.C., New York (Nicholas I. Timko of counsel), for appellant.
Mischel & Horn, P.C., New York (Nicholas I. Bruno of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about October 14, 2022, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this action for personal injuries, plaintiff alleges that he slipped and fell on urine on a stairway of the apartment building he was visiting. Defendant, the owner of the building, established its entitlement to summary judgment by submitting evidence that it did not have actual or constructive notice of the alleged condition on the stairs (see e.g. Hobbs v New York City Hous. Auth., 168 AD3d 634, 635 [1st Dept 2019]). The evidence showed that on the day of plaintiff's accident, defendant had a reasonable inspection and cleaning routine in place to address any dangerous conditions, and that the alleged condition did not exist when the stairway was last inspected, approximately 30 minutes before the incident (see e.g. Aguilera v BJ's Wholesale Club, Inc., 210 AD3d 572, 573 [1st Dept 2022]; Frederick v New York City Hous. Auth., 172 AD3d 545, 545-546 [1st Dept 2019]; Perez v River Park Bronx Apts., Inc., 168 AD3d 465, 466 [1st Dept 2019]).
In opposition, plaintiff failed to raise an issue of fact. Plaintiff's testimony did not demonstrate actual or constructive notice, as his testimony established that the "fresh" urine existed only for 5 to 15 minutes before his fall — an insufficient amount of time for defendant to discover and remedy it. Moreover, although plaintiff's girlfriend testified that there was an unaddressed recurring problem with urine on the stairway, this testimony was insufficient to establish notice of the transitory condition at the specific location alleged here (see Rodriguez v New York City Hous. Auth., 102 AD3d 407, 408 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023