■ Pietro Fragale et al., Appellants, v City of New York, Respondent. [931 NYS2d 13]—

Supreme Court erred in finding that there were no issues of fact as to constructive notice of the alleged oil condition on the garage floor where plaintiff fell. The testimony and statements of defendant's employees raised an issue of fact as to whether there was an ongoing and recurring dangerous oil condition in the area of the accident that defendant routinely left unaddressed (*see Zisa v City of New York*, 39 AD3d 313, 314 [2007]). Indeed, a supervisor stated that the garage floor was oily for

"weeks and months," and a superintendent testified that he performed only weekly inspections of the premises (*compare Mercer v City of New York*, 223 AD2d 688 [1996], *affd* 88 NY2d 955 [1996]). The evidence also presents a triable issue as to whether defendant created the alleged oil condition (*see Zisa*, 39 AD3d at 314). One of defendant's supervisors testified that defendant routinely performed maintenance work on vehicles in the area where plaintiff fell, causing oil to spill on the floor. Any conflict between the witnesses' statements and their EBT testimony presents credibility questions not suitable for resolution on the defendant's motion for summary judgment.

We decline to decide whether plaintiff should have been granted a trial preference. Supreme Court denied plaintiff's motion as moot, and thus never addressed the merits of the issue. Accordingly, we remand for the court to consider plaintiff's application for a trial preference. Concur—Mazzarelli, J.P., Friedman, Catterson, Moskowitz and Abdus-Salaam, JJ.