De Barcacel v 1015 Concourse Owners Corp. (2022 NY Slip Op 02869)

De Barcacel v 1015 Concourse Owners Corp.

2022 NY Slip Op 02869

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, Higgitt, JJ. 

Index No. 302029/15 Appeal No. 15421 Case No. 2021-01873 

[*1]Vanessa Casso De Barcacel, Plaintiff-Respondent,
v
1015 Concourse Owners Corp., et al., Defendants-Appellants.

Kennedys CMK LLP, New York (Michael R. Schneider of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered March 4, 2021, which, to the extent appealed from as limited by the briefs, denied defendants M 1015 GC, LLC, M&L Milevoi Management, and John Milevoi's motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to grant the motion as to John Milevoi, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff was injured when she slipped and fell on water on her kitchen floor that was emanating from a leak in the kitchen ceiling of apartment 4G, which she rented from defendant M 1015, the owner of the apartment. One of the building's superintendents[FN1]testified that the leak on the day of plaintiff's accident was the result of a hole in the drainpipe under the sink in apartment 6G, on the same line two floors above. The sink was partially filled with water because the tenant in 6G was defrosting meat in it. Defendants maintain that the superintendent discovered the leak in 6G only after the accident, and therefore they seek dismissal of the complaint on the basis that they had no notice, actual or constructive, of the condition that caused the accident.
The complaint should be dismissed against the individual defendant John Milevoi, because there is no allegation that his liability stems from an act of misfeasance or malfeasance, as opposed to nonfeasance. A corporate officer or shareholder may not be held personally liable for a failure to act (see MLM LLC v Karamouzis, 2 AD3d 161 [1st Dept 2003]). Defendant owner and defendant management company, on the other hand, have not established their entitlement to judgment as a matter of law.
Those defendants contend that they demonstrated prima facie that they did not cause, create, or have actual or constructive notice of the leaky pipe in the apartment two floors above plaintiff's apartment prior to the accident. However, the record is unclear as to whether that is the case. Indeed, plaintiff testified at her deposition that approximately two months before the accident a leak had appeared in her ceiling at the identical spot from where the leak that caused her accident emanated, and that the same superintendent who discovered the broken pipe after plaintiff's accident discovered that the source of the earlier leak was also apartment 6G. The superintendent testified that the earlier leak was caused by an unauthorized washing machine that was discharging water into the kitchen sink.
On this record, it is impossible to know whether the hole in the drainpipe existed on the day the superintendent discovered the washing machine discharging into the same sink, and whether the water that leaked into plaintiff's apartment on that day flowed out of the drainpipe in addition to from the washing machine's discharge hose. The superintendent did not testify about whether he inspected under the sink when he responded to the washing machine leak, which could have [*2]led to a discovery that the drainpipe was already broken at the time. Accordingly, defendants, who acknowledge that they were notified of the washing machine leak by the cooperative's superintendent, cannot be said to have discharged their prima facie burden of establishing that they lacked notice of the defect (see Capers v New York City Hous. Auth., 161 AD3d 629, 630 [1st Dept 2018]).
Even if defendants should not have been expected to inspect below the sink after the cooperative's superintendent responded to the washing machine leak, this does not resolve the fact that plaintiff's husband stated in an affidavit that he complained to both superintendents, collectively, four or five times about leaks in the same location in his and plaintiff's apartment. This raises an issue of fact as to whether the leak was a symptom of a recurring dangerous condition for which defendants had constructive
notice, and thus an obligation to inspect the apartments in the same line for the source of the leak (see Narvaez v River View Redevelopment Co., LP, 146 AD3d 722 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022

Footnotes

Footnote 1: The building had one superintendent who tended to apartments owned by the tenant shareholders of a cooperative corporation that controlled nine apartments. Another superintendent was responsible for the approximately 45 units that were owned by the sponsor, defendant M 1015 GC, LLC; one of these apartments was rented to plaintiff. Only the cooperative's superintendent lived on premises, and he responded to the incident at issue and the washing machine leak discussed herein.