Cicardo Natl., Inc. v Loeb (2023 NY Slip Op 05465)

Cicardo Natl., Inc. v Loeb

2023 NY Slip Op 05465

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kern, J.P., Friedman, Kennedy, Pitt-Burke, JJ. 

Index No. 650737/20 Appeal No. 946 Case No. 2023-00345 

[*1]Cicardo National, Inc., Plaintiff-Appellant,
v
Michael Loeb et al., Defendants-Respondents.

Leeds Brown Law, P.C., Carle Place (Rick Ostrove of counsel), for appellant.
Dorsey & Whitney LLP, New York (Christopher G. Karagheuzoff and Joshua Kornfield of counsel), for Script Relief LLC and Optum Perks, LLC, respondents.

Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered on or about October 14, 2022, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established their prima facie entitlement to summary judgment by submitting evidence that the parties never actually entered into a so-called "make whole agreement" — that is, an alleged oral agreement intended to compensate plaintiff's principal Jason Cicardo for a reduction in his compensation — that forms the basis of plaintiff's complaint. In opposition, plaintiff failed to raise an issue of material fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Plaintiff submitted no corroborating evidence of the purported make whole agreement, instead offering nothing more than Cicardo's self-serving, internally inconsistent, and uncorroborated testimony that the parties had entered into it (see e.g. Carthen v Sherman, 169 AD3d 416, 417-418 [1st Dept 2019]). The record contains no emails or other documentary evidence referring to the make whole agreement or its terms; at most, the record shows that plaintiff tried to collect money from defendants under the alleged agreement. Indeed, plaintiff's counsel conceded at oral argument that there is no evidence memorializing the make whole agreement for the more than seven years that it was supposedly in existence.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023