Rowley v Jerome JSD Holdings, LLC (2024 NY Slip Op 01688)

Rowley v Jerome JSD Holdings, LLC

2024 NY Slip Op 01688

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Singh, J.P., Moulton, Friedman, Scarpulla, JJ. 

Index No. 27316/19 Appeal No. 1922 Case No. 2023-04896 

[*1]Ricardo Rowley, Respondent,
v
Jerome JSD Holdings, LLC, Appellant.

Litchfield Cavo LLP, New York (Sean H. Chung of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about September 25, 2023, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleged that he was injured when he slipped while moving boxes for his employer, nonparty A & A Moving and Storage (A&A), on water on the interior staircase in premises owned by defendant Jerome JSD Holdings, LLC (JSD). A&A was owned by Dragos Adrien Firescu (Firescu), who also owned 75% of JSD at the time of the accident.
The motion court properly determined that defendant failed to establish as a matter of law that it was an out-of-possession landlord with no right of re-entry. Defendant's claim to such status was based solely on a purported 2016 oral lease between defendant and A&A. The only evidence of this alleged oral lease is the attestation of Firescu. However, Firescu was both A&A's and defendant's principal at the time of the alleged oral lease, and therefore entered into the oral lease with himself. Defendant failed to submit any evidence of the lease term, the rent amount, whether A&A was solely responsible for the premises' maintenance and the repair of structural defects, or any other material term of the alleged oral lease (see Cicardo Natl., Inc. v Loeb, 220 AD3d 615, 615 [1st Dept 2023]). We note that defendant's mortgage required it to keep the property in good repair. To that end, Firescu testified that both he and Reina Marmolejos, A&A's operations manager, could order necessary repairs, which also raises a question of fact as to whether defendant retained the right of re-entry.
Further, there is a triable issue of fact as to whether defendant had constructive notice of an alleged recurring wet condition on the staircase. The parties submitted conflicting evidence on this issue (see De Barcacel v 1015 Concourse Owners Corp., 204 AD3d 605, 606 [1st Dept 2022]; see also Fragale v City of New York, 88 AD3d 488, 488-489 [1st Dept 2011]). Specifically, Reina testified that no one complained of rain entering from the roof and she never observed such a condition. In addition, Raphael O. Torres, plaintiff's coworker, averred that on the morning of the incident, he twice ascended and descended the steps with no issues and did not observe leaks, dripping water, or a slippery/wet condition at any time prior to the accident, having last traversed them five minutes beforehand. On the other hand, plaintiff testified that he slipped on water dripping from a roof vent, and another coworker averred that the condition occurred every time it rained.
The parties also submitted conflicting expert affidavits on the issue of a recurring water leak (see Sason v Dykes Lbr. Co., Inc., 221 AD3d 491, 492 [1st Dept 2023]). Defendant's expert averred that he observed no evidence of recurring water infiltration, rust, or staining along the walls or the insulated roof's underside or on the staircase. He also opined that the ceiling [*2]vent was not defective. Plaintiff's expert, however, found substantial evidence of water permeating the building's interior on a recurring basis over a period of years, substandard roof patchwork, and open and deteriorated joints at the ventilation shaft above the staircase.
We have considered defendant's remaining contentions, including the timing of certain disclosure, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024