Griffen v Abed (2025 NY Slip Op 02155)

Griffen v Abed

2025 NY Slip Op 02155

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Webber, J.P., Friedman, Kapnick, Rodriguez, Rosado, JJ. 

Index No. 805144/20|Appeal No. 4102|Case No. 2023-05379|

[*1]Virginia Griffen, Respondent,
v
Antoine Abed et al., Defendants, West Side Radiology P.C., Appellant.

Goldberg Segalla, LLP, White Plains (William T. O'Connell of counsel), for appellant.
Silver & Kelmachter, LLP, New York (Aaron Halpern of counsel), for respondent.

Order, Supreme Court, New York County (Kathy J. King, J.), entered on or about September 28, 2023, which, to the extent appealed from, denied the motion of West Side Radiology P.C. (WSR) to dismiss the complaint as against it for lack of personal jurisdiction based on improper service of process, unanimously reversed, on the law, without costs, the motion granted to the extent that the complaint as against WSR is dismissed without prejudice, and the matter is remanded for a determination of plaintiff's cross-motion for a 120-day extension of time to serve the amended summons and verified complaint nunc pro tunc.
Plaintiff's decedent Virginia Griffen commenced this medical malpractice action on June 2, 2020, alleging that defendants failed to timely diagnose and treat her small cell lung cancer. Griffen died before WSR was served with the pleadings. Plaintiff Nicole Parilla, who was appointed as the administrator of the decedent's estate in March 2021, filed an amended summons and verified complaint to substitute herself as plaintiff and add a cause of action for wrongful death. However, the Clerk's office rejected the amended summons and complaint on the ground that the parties could not be substituted without leave of court. Notwithstanding that rejection, on July 9, 2021, plaintiff served the amended pleadings on defendant WSR. The process server avers in an affidavit that he served WSR at an address in Manhattan by delivering the papers to a person who was authorized to accept service. Plaintiff then moved under CPLR 3025(a) to deem the original pleadings properly and timely amended; that motion was resolved by a so-ordered stipulation between plaintiff and all the defendants other than WSR.
The process server's affidavit constitutes prima facie evidence of proper service, and a conclusory "denial of receipt of service is insufficient to rebut the presumption of proper service created by a properly executed affidavit of service" (Matter of de Sanchez, 57 AD3d 452, 454 [1st Dept 2008] [internal quotation marks omitted]). However, the affidavit of Donovan O. Spamer, the Vice President of Development and Physician Services for Mid-Rockland Imaging Partners, Inc., which partly owns WSR, sufficiently rebutted plaintiff's prima facie showing. Spamer, whose responsibilities included monitoring the receipt of legal pleadings, conducted a search of Rockland Imaging's records and found no record that Rockland Imaging had received the amended pleadings. Spamer also contradicted the process server's allegation that he tendered service on a person authorized to accept service, averring that from 2021 to the date of the affidavit, no individual at the address stated in the affidavit of service was authorized to accept service of process for Rockland Imaging or WSR.
Plaintiff places significant emphasis on a printout from the New York Secretary of State's website, which lists 5 Columbus Circle as WSR's principal office and the address of its CEO. However, [*2]plaintiff cites no authority requiring a corporation to station an authorized agent at its principal office or provide an alternative address in rebuttal. Setting aside WSR's argument that the printout was outdated, the printout designates 147 West 15th Street as WSR's address for service by the Secretary of State, WSR's designated agent under Business Corporation Law § 304. However, it is uncontroverted that plaintiff made no attempt to serve WSR through the Secretary of State or by personal delivery at its 147 West 15th Street address.
Because WSR never formally or informally appeared in this action, it did not waive its objection to personal jurisdiction (see HSBC Bank USA, N.A. v Whitelock, 214 AD3d 855, 856 [2d Dept 2023], lv dismissed 40 NY3d 956 [2023]). WSR never executed the stipulation amending the original pleadings or challenged plaintiff's motion to amend the pleadings, and its counsel sent only a single email to the court identifying his client (see PennyMac Corp. v Barbosa, 189 AD3d 863, 864 [2d Dept 2020]).
We decline to decide whether plaintiff's cross-motion for a 120-day extension of time for service in the interest of justice should have been granted. Given that Supreme Court denied the cross-motion as moot without addressing the merits, we remand for the court to consider the cross-motion (see Fragale v City of New York, 88 AD3d 488, 489 [1st Dept 2011]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025