Welliver v T-C the Colo. LLC (2025 NY Slip Op 03030)

Welliver v T-C the Colo. LLC

2025 NY Slip Op 03030

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Index No. 155126/14|Appeal No. 4395|Case No. 2024-03556|

[*1]Kathy Welliver, Plaintiff-Appellant-Respondent,
v
T-C The Colorado LLC et al., Defendants-Respondents-Appellants, Whirlpool Corporation et al., Defendants.

Maggiano, DiGirolamo & Lizzi, P.C., Bronx (Michael Lizzi of counsel), for appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Nicholas R. Napoli, III of counsel), for T.C. The Colorado, LLC and Dermot Realty Management Co., Inc., respondents-appellants.
Law Office of Keith J. Conway, Melville (Jerry Christoforatos of counsel), for Hercules Corporation, respondent-appellant.

Order, Supreme Court, New York County (James d'Auguste, J.), entered on or about May 6, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Hercules Corporation for summary judgment dismissing the complaint as against it, denied the motion of defendants T-C The Colorado, LLC (TC Colorado) and Dermot Realty Management Co., Inc. for summary judgment dismissing the complaint as against them and for summary judgment on their cross-claims for contractual indemnification against Hercules, and denied Hercules' cross-motion for summary judgment dismissing the cross-claims as against it, unanimously modified, on the law, to grant Hercules' motion for summary judgment dismissing the complaint, and otherwise affirmed, without costs.
Plaintiff alleges that on September 29, 2013, she was injured when she slipped and fell on water on the floor in the basement laundry room of the building where she lives, which is owned by defendant TC Colorado and managed by defendant Dermot. TC Colorado contracted with Hercules to install, maintain, manage, or provide repair services for the washing machines and dryers in the laundry room.
Supreme Court correctly granted Hercules's motion for summary judgment dismissing plaintiff's negligence claims as against it. Here, Hercules established prima facie that it was retained by TC Colorado under a contract to provide, service, and maintain washing machines and dryers in the building's laundry room, and therefore did not owe a duty to noncontracting third parties like plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). Since plaintiff did not allege in her complaint or bill of particulars that Hercules created or exacerbated a dangerous wet condition by negligently repairing the washing machines, or plead any other Espinal exception, Hercules was not required to offer proof to negate the exceptions in support of its motion (cf. Ileiwat v PS Marcato El. Co., Inc., 178 AD3d 517, 518 [1st Dept 2019], citing Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2d Dept 2010]). If it did have that burden, Hercules submitted evidence showing that it fulfilled its contractual obligations before the accident in that it serviced the washing machines on several occasions over two months before the accident; resolved the issues; and received no subsequent complaints that the machines were not operating properly, which would require it to come within 24 hours. Furthermore, Hercules's records show that after the accident, its employees did not find any leaking machines. This evidence refutes any contention that Hercules created or exacerbated a dangerous leaking condition. In opposition to Hercules's motion, plaintiff did not assert that any Espinal exception applied, so the court correctly granted the motion.
Plaintiff argues that Hercules can be held liable because it "launched an instrument of harm" by negligently performing its duties under the service agreement. However[*2], there is no evidence that Hercules at any time affirmatively created or exacerbated any unsafe condition (see Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 257 [2007]; Ileiwat, 178 AD3d at 519 [elevator service company that inspected and made repairs did not create or exacerbate dilapidated condition of elevator]; Medinas v MILT Holdings LLC, 131 AD3d 121, 126 [1st Dept 2015] [contractor owed no duty to plaintiff because "in failing to correctly inspect or repair the elevator, it did not create or exacerbate an unsafe condition," quoting Espinal, 98 NY2d at 140]). Moreover, plaintiff's speculation that Hercules may have failed to prevent a leak in an unspecified machine is insufficient to raise an issue of fact.
In addition, Supreme Court correctly denied TC Colorado and Dermot's motion for summary judgment. Plaintiff submitted the deposition testimony of a nonparty witness, plaintiff's neighbor, who testified that a few weeks before the accident, she told both the building concierge and the building handyman that there was a wet patch on the laundry room floor. According to the neighbor, the concierge and handyman responded that they knew that there were leaks coming from the washing machines, and that the leaks were "an ongoing issue" because Hercules would not fix them. Plaintiff also submitted affidavits from two other nonparty witnesses, both averring that the porter told them that there was an ongoing and regular problem with the washing machines leaking and leaving water on the laundry room floor. Furthermore, plaintiff submitted an affidavit from an investigator, who averred that when he spoke with the concierge and handyman, they told him that "the washers in the laundry room were known to leak water" onto the laundry room floor.
Thus, although plaintiff does not allege that TC Colorado and Dermot caused the water to be on the floor or that they created the hazardous condition, her opposition raised a triable issue of fact as to whether those defendants had actual or constructive notice of a recurring condition that the washing machines in their laundry room were leaking water onto the floor and whether they had an obligation to inspect the laundry room for the source of the leak (see De Barcacel v 1015 Concourse Owners Corp., 204 AD3d 605, 607 [1st Dept 2022]; Modzelewska v City of New York, 31 AD3d 314, 314 [1st Dept 2006]).
Although Supreme Court correctly denied TC Colorado's and Dermot's motion for summary judgment as to their cross-claim against Hercules for contractual indemnification, Supreme Court should have granted Hercules' cross-motion for summary judgment dismissing TC Colorado and Dermot's cross-claim for contractual indemnification. Hercules established that the accident fell within the provisions of the agreement to provide contractual indemnification. Finally, the court properly denied Hercules summary judgment on TC Colorado and Dermot's cross-claim alleging that Hercules breached the contract by [*3]failing to procure insurance, as Hercules offered no evidence showing that it had obtained the required coverage (see Prevost v One City Block LLC, 155 AD3d 531, 536 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025